UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **Alexander R. Deanda**, on behalf of himself and others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00092 |
| **Alex M. Azar II**, in his official capacity as Secretary of Health and Human Services; **Diane Foley**, in her official capacity as Deputy Assistant Secretary for Population Affairs; **United States of America**, | |
| Defendants. | |

## COMPLAINT—CLASS ACTION

Parents have a constitutional right to direct the upbringing of their children. And the Religious Freedom Restoration Act prevents the government from interfering with the ability of parents to raise their children in accordance with their own religious values. The federal government, however, is subverting these constitutional and statutory rights in its Title X program, which funds projects that distribute contraception and family-planning services to minors without parental notification or consent—and in violation of Texas statutes that require parental consent before dispensing prescription contraception to minors. Plaintiff Alexander R. Deanda and his proposed classes sue to enjoin the defendants from funding Title X projects that provide contraception or other family-planning services to minors without parental consent.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.  Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## PARTIES

3.  Plaintiff Alexander R. Deanda resides in Randall County, Texas.

4.  Defendant Alex M. Azar II is the U.S. Secretary of Health and Human Services. His office is located at 200 Independence Avenue SW, Washington, D.C. 20201. Secretary Azar is sued in his official capacity.

5.  Defendant Diane Foley is the Deputy Assistant Secretary for Population Affairs in the Department of Health and Human Services. Dr. Foley directs the Office of Population Affairs in the Department of Health and Human Services, which administers the Title X program. Dr. Foley is sued in her official capacity.

6.  Defendant United States of America is the federal government of the United States of America.

## TEXAS PARENTAL-CONSENT LAWS

7.  The law of Texas gives parents the right to consent to their child's medical and dental care, and psychiatric, psychological, and surgical treatment. *See* Tex. Family Code § 151.001(6) (attached as Exhibit 1).

8.  The law of Texas establishes some exceptions to this rule. In certain emergency situations in which the parent cannot be contacted, a non-parent may consent to a child's medical, dental, psychological, and surgical treatment. *See* Tex. Family Code § 32.001 (attached as Exhibit 2). And some children may consent to their own medical, dental, psychological, and surgical treatment in certain limited situations. *See* Tex. Family Code § 32.003 (attached as Exhibit 2). For example, minors on active military duty may consent to their own medical, dental, psychological, and surgical treatment without parental involvement. *See* Tex. Family Code § 32.003(1) (attached

as Exhibit 2). So may emancipated minors who are over 16 years of age. *See* Tex. Family Code § 32.003(2) (attached as Exhibit 2).

9.   But outside of these statutory exceptions in section 32.003, there is no provision of Texas law that allows children to receive prescription contraception without parental consent, and the rule of parental consent in section 151.001(6) of the Texas Family Code remains fully applicable to the distribution of prescription contraception by any person or entity in the state of Texas.

10.  Any Title X project that distributes prescription contraception to minors without parental consent is therefore acting in violation of Texas law, unless the minor falls within the exceptions listed in chapter 32 of the Texas Family Code.

## THE TITLE X PROGRAM

11.  The Title X program authorizes the Secretary of Health and Human Services to award grants and contracts to entities that provide family-planning services. *See* 42 U.S.C. §§ 300 et seq.

12.  Nothing in the Title X statute authorizes or requires the recipients of Title X funds to dispense family-planning services to minors without parental consent, and nothing in the Title X statute purports to preempt the Texas laws that require parental consent before minors can receive prescription contraception.

13.  Instead, the statute requires recipients of Title X funds to "encourage family participation in projects assisted," and to do so "to the extent practical." 42 U.S.C. § 300(a). The full text of section 300(a) provides:

> The Secretary is authorized to make grants to and enter into contracts with public or nonprofit private entities to assist in the establishment and operation of voluntary family planning projects which shall offer a broad range of acceptable and effective family planning methods and services (including natural family planning methods, infertility services, and services for adolescents). To the extent practical, entities which receive grants or contracts under this subsection shall encourage family participation in projects assisted under this subsection.

42 U.S.C. § 300(a).

14. This statutory language establishes a *floor* for Title X funding recipients: Every recipient of a Title X grant or contract must, "to the extent practical . . . encourage family participation" in Title X projects. An entity that fails to "encourage family participation" in Title X projects is categorically eligible to receive a Title X grant or contract, and the Secretary violates the Title X statute if he provides grants or contracts to such an entity.

15. But nothing in this statutory language prohibits Title X funding recipients from going *beyond* a mere policy of "encouraging family participation," and nothing in the statute prevents Title X projects from establishing a categorical policy of notifying or seeking consent from parents before dispensing prescription contraception or other family-planning services to minors.

16. More importantly, there is nothing in 42 U.S.C. § 300(a) that purports to preempt or override state or federal laws that require more extensive parental involvement, and there is nothing in 42 U.S.C. § 300(a) that purports to exempt Title X projects from those laws. *See Maryland v. Louisiana,* 451 U.S. 725, 746 (1981) ("Consideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state law.").

17. Finally, the Supreme Court has long held that conditions on the receipt of federal funds must be spelled out in clear and unambiguous language. *See Pennhurst State Sch. and Hosp. v. Halderman,* 451 U.S. 1, 17 (1981) ("[I]f Congress intends to impose a condition on the grant of federal moneys, it must do so unambiguously."); *South Dakota v. Dole*, 483 U.S. 203, 207 (1987) (same); *Will v. Michigan Dep't of Police*, 491 U.S. 58, 65 (1989) ("Congress should make its intention 'clear and manifest' . . . if it intends to impose a condition on the grant of federal moneys" (citation omitted); *see also NFIB v. Sebelius*, 567 U.S. 519, 576–77 (2012) (opinion of Roberts, C.J., joined by Breyer and Kagan, JJ.); *id*. at 676 (Scalia, Kennedy, Thomas, and Alito,

JJ., dissenting). Because Title X is an exercise of the federal spending power, there must be a clear and unambiguous statement that participating States are forbidden to enforce their parental-involvement laws against Title X projects before the Texas laws can be deemed "preempted" by the Title X statute.

18.   Nevertheless, the defendants have funded and continue to fund Title X projects in Texas that do not seek or obtain parental consent before dispensing prescription contraception and other family-planning services to unemancipated minors, apparently on the assumption that Title X projects need not comply with state parental-consent laws.

## ALLEGATIONS RELATED TO ARTICLE III STANDING

19.   Plaintiff Alexander R. Deanda is a father of three daughters under the age of 18.

20.   Mr. Deanda is a Christian, and he is raising each of his daughters in accordance with Christian teaching on matters of sexuality, which requires unmarried children to practice abstinence and refrain from sexual intercourse until marriage.

21.   Mr. Deanda wishes to be informed if any of his children are accessing or attempting to access prescription contraception and other family-planning services. And he does not want his children to obtain or use these drugs or services unless he consents, in accordance with his statutory rights as a parent under section 151.001(6) of the Texas Family Code.

22.   The law of Texas protects Mr. Deanda's rights as a parent—and the rights of every other parent in Texas—by prohibiting individuals or entities from distributing prescription contraception to minors without parental consent. *See* Tex. Family Code § 151.001(6); Tex. Family Code § 32.003.

23.   The defendants, however, are flouting the law of Texas by making prescription contraception (and other family-planning services) available to Mr. Deanda's

daughters and the children of every other parent in Texas, without their knowledge or involvement.

24.   By administering a federal program that offers prescription contraception and other family-planning services to children, and by enabling children to obtain these drugs and services without parental consent, the defendants are inflicting injury in fact on Mr. Deanda and every parent in the United States who wishes to be informed if their children are accessing or attempting to access prescription contraception and other family-planning services, or who wishes to prevent their children from obtaining or using these drugs or services without their consent. These injuries include, but are not limited to: (a) The loss of their statutory rights as parents under 151.001(6) of the Texas Family Code, as they no longer have the right secured by Texas law to consent before their children use or obtain prescription contraception; (b) The subversion of their authority as parents, as their children now have the ability to use or obtain prescription contraception or other family-planning services behind their backs and without parental knowledge or permission; (c) The loss of assurance that their children will be unable to access prescription contraception or other family-planning services that facilitate sexual promiscuity and pre-marital sex; and (d) the weakening of their ability to raise their children in accordance with the teachings of the Christian faith, which prohibits pre-marital sexual activity regardless of whether contraception or family-planning devices are used.

25.   Each of these injuries is traceable to the defendants' administration of the Title X program, which distributes prescription contraception or other family-planning services to minors without parental consent, and in violation of Texas laws that require parental consent before prescription contraception is dispensed to minors.

26.   Each of these injuries is likely to be redressed by the requested relief, which will enjoin the defendants from directly or indirectly funding any family-planning projects that fail to obtain parental consent before distributing family-planning services to minors, or that violate a state's parental-involvement laws in any manner.

## CLAIM NO. 1—THE DEFENDANTS' ADMINISTRATION OF THE TITLE X PROGRAM VIOLATES SECTION 151.001(6) OF THE TEXAS FAMILY CODE

27.   Texas law prohibits individuals and entities from distributing prescription contraception to minors without first obtaining parental consent, subject to limited exceptions. *See* Tex. Family Code § 151.001(6); Tex. Family Code § 32.003.

28.   The defendants' administration of the Title X program violates Texas law by funding projects that refuse to comply with section 151.001(6) of the Texas Family Code.

29.   Nothing in 42 U.S.C. § 300(a) or any other provision of federal law preempts the Texas statutes that require parental consent to a child's medical, dental, psychological, and surgical treatment. *See* paragraphs 12–16.

30.   The Court should therefore declare that section 151.001(6) of the Texas Family Code remains valid and enforceable against those who administer the Title X program in Texas, and that nothing in the Title X statute or any other provision of federal law preempts section 151.001(6) of the Texas Family Code in whole or in part.

31.   The Court should also enjoin the defendants from directly or indirectly funding any family-planning project in Texas that fails to comply with section 151.001(6) of the Texas Family Code, or from awarding grants or entering into contracts with any entity that assists a family-planning project in Texas that fails to comply with section 151.001(6) of the Texas Family Code.

32.   Mr. Deanda brings this claim on behalf of every parent in Texas who wishes to be informed if their children are accessing or attempting to access prescription contraception, or who wishes to prevent their children from obtaining or using these drugs without their consent.

## CLAIM NO. 2—THE DEFENDANTS' ADMINISTRATION OF THE TITLE X PROGRAM VIOLATES THE CONSTITUTIONAL RIGHT OF PARENTS TO DIRECT THE UPBRINGING OF THEIR CHILDREN

33.   Parents have a constitutional right to direct the upbringing of their children. *See Pierce v. Society of Sisters*, 268 U.S. 510 (1925); *Meyer v. Nebraska*, 262 U.S. 390 (1923).

34.   The defendants' administration of the Title X program violates the constitutional right of parents to direct the upbringing of their children by making prescription contraception and other family-planning services available to children without the consent of their parents.

35.   The Court should therefore declare that the Title X program, as currently administered, violates the constitutional right of parents to direct the upbringing of their children.

36.   The Court should also enjoin the defendants from directly or indirectly funding any family-planning project in the United States that fails to obtain parental consent before distributing prescription contraception or other family-planning services to minors, or from awarding grants or entering into contracts with any entity that assists a family-planning project in the United States that fails to obtain parental consent before distributing prescription contraception or other family-planning services to minors.

37.   Mr. Deanda brings this claim on behalf of every parent in the United States who wishes to be informed if their children are accessing or attempting to access prescription contraception or other family-planning services, or who wishes to prevent their children from obtaining or using these drugs or services without their consent.

## CLAIM NO. 3—THE DEFENDANTS' ADMINISTRATION OF THE TITLE X PROGRAM VIOLATES THE RELIGIOUS FREEDOM RESTORATION ACT

38.   The Religious Freedom Restoration Act prohibits the government from substantially burdening the exercise of religion, unless that burden furthers a "compelling governmental interest" and is the "least restrictive means" of doing so. 42 U.S.C. § 2000bb-1.

39.   The Religious Freedom Restoration Act "was designed to provide very broad protection for religious liberty," and it goes "far beyond what [the Supreme] Court has held is constitutionally required." *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 706 (2014).

40.   The defendants' administration of the Title X program substantially burdens the exercise of religion by subverting the ability of parents to raise their children in accordance with Christian beliefs on matters of sexuality, which require unmarried children to practice abstinence and refrain from sexual intercourse until marriage, and by enabling children to access to prescription contraception and other family-planning services that facilitate sexual promiscuity and pre-marital sex when their parents object to this behavior.

41.   There is no compelling governmental interest in allowing children to obtain prescription contraception and other family-planning services without their parents' knowledge or consent. Although the government may have a compelling interest in overriding parental objections to medically necessary health-care services, there is no compelling governmental interest in overriding parental objections when a child seeks

access to drugs or devices that serve only to facilitate sexual promiscuity and pre-marital sex.

42.   The Court should therefore declare that the Title X program, as currently administered, violates the Religious Freedom Restoration Act.

43.   The Court should also enjoin the defendants from directly or indirectly funding any family-planning project in the United States that fails to obtain parental consent before distributing prescription contraception or other family-planning services to minors, or from awarding grants or entering into contracts with any entity that assists a family-planning project in the United States that fails to obtain parental consent before distributing prescription contraception or other family-planning services to minors.

44.   Mr. Deanda brings this claim on behalf of every parent in the United States who is attempting to raise their children in accordance with religious beliefs that require unmarried individuals to practice abstinence and refrain from sexual intercourse until marriage.

## CLASS-ACTION ALLEGATIONS

45.   Mr. Deanda brings this class action under Rule 23(b)(2) of the federal rules of civil procedure.

46.   The first class consists of all parents in Texas who wish to be informed if their children are accessing or attempting to access prescription contraception, or who wish to prevent their children from obtaining or using these drugs without their consent.

47.   The second class consists of all parents in the United States who wish to be informed if their children are accessing or attempting to access prescription contraception or other family-planning services, or who wish to prevent their children from obtaining or using these drugs or services without their consent.

48.   The third class consists of all parents in the United States who: (1) are attempting to raise their children in accordance with religious beliefs that require unmarried individuals to practice abstinence and refrain from sexual intercourse until marriage; and (2) who wish to be informed if their children are accessing or attempting to access prescription contraception or other family-planning services, or who wish to prevent their children from obtaining or using these drugs or services without their consent.

49.   The number of persons in each of the proposed classes makes joinder of the individual class members impractical.

50.   There are questions of law common to each of the classes. The legal question common to the first class is whether the defendants' administration of the Title X program violates section 151.001(6) of the Texas Family Code. The legal question common to the second class is whether the defendants' administration of the Title X program violates the constitutional right of parents to direct the upbrining of their children. The legal question common to the third class is whether the defendants' administration of the Title X program violates the Religious Freedom Restoration Act.

51.   Mr. Deanda's claims are typical of other members of each of the proposed classes.

52.   Mr. Deanda adequately represents the interests of the class, and he has no interests antagonistic to the class.

53.   A class action is appropriate under Rule 23(b)(2) because the defendants are acting on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## DEMAND FOR RELIEF

54.   Mr. Deanda respectfully requests that the court:

a.    certify the classes described in paragraphs 46–48;

b.    declare that defendants' administration of the Title X program violates section 151.001(6) of the Texas Family Code, the constitutional right of parents to direct the upbringing of their children, and the Religious Freedom Restoration Act;

c.    award the injunctive relief described in paragraphs 31, 35, and 43;

d.    award costs and attorneys' fees under 42 U.S.C. § 1988;

e.    award all other relief that the Court deems just, proper, or equitable.

Respectfully submitted.

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Alex Yarbrough
Texas Bar No. 24079615
Riney & Mayfield LLP
320 South Polk Street, Suite 600
Amarillo, Texas 79101
(806) 468-3202 (phone)
(806) 376-4509 (fax)
ayarbrough@rineymayfield.com

*Counsel for Plaintiff*
*and the Proposed Classes*

Dated: April 10, 2020