# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| ALEXANDER R. DEANDA, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:20-cv-92-Z |
| ) | |
| XAVIER BECERRA, in his official capacity as ) | |
| Secretary of Health and Human Services; ) | |
| JESSICA SWAFFORD MARCELLA, in her official ) | |
| capacity as Deputy Assistant Secretary for ) | |
| Population Affairs; UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
|       Defendants. ) | |
| ) | |

## DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

SUMMARY ............................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT ........................................................................................................................... 2

    I.      Plaintiff Lacks Standing to Represent the Putative Classes ......................................... 3

    II.     The Putative Classes Are Not Adequately Defined or Clearly Ascertainable ............. 5

    III.    Plaintiffs Have Not Satisfied the Four Requirements of Rule 23(a) ........................... 7

        A.     Both putative classes lack commonality ................................................................ 8

        B.     Both putative classes lack typicality .................................................................... 11

        C.     Plaintiff would not fairly and adequately protect absent class members ............. 12

        D.     Plaintiff fails to prove sufficient numerosity for either class ............................... 13

    IV.    Both Putative Classes Fail to Satisfy Rule 23(b)(2) ................................................. 15

    V.     The Proposed Classes Lack Article III Standing ....................................................... 17

CONCLUSION ..................................................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997) ........................................................................................................ 12

*Berger v. Compaq Comput. Corp.,*
  257 F.3d 475 (5th Cir. 2001) .......................................................................................... 12

*Bertulli v. Indep. Ass'n of Cont'l Pilots,*
  242 F.3d 290 (5th Cir. 2001) ............................................................................................ 3

*Bolin v. Sears, Roebuck & Co.,*
  231 F.3d 970 (5th Cir. 2000) .......................................................................................... 16

*Bratcher v. Nat'l Standard Life Ins. Co. (In re Monumental Life Ins. Co.),*
  365 F.3d 408 (5th Cir. 2004) ............................................................................................ 5

*Califano v. Yamasaki,*
  442 U.S. 682 (1979) .......................................................................................................... 2

*Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n,*
  624 F.3d 185 (5th Cir. 2010) .......................................................................................... 16

*Castano v. Am. Tobacco Co.,*
  84 F.3d 734 (5th Cir. 1996) .............................................................................................. 7

*Chavez v. Plan Benefit Servs.,*
  957 F.3d 542 (5th Cir. 2020) .......................................................................................... 12

*Clapper v. Amnesty Int'l USA,*
  568 U.S. 398 (2013) .......................................................................................................... 4

*DeBremaecker v. Short,*
  433 F.2d 733 (5th Cir. 1970) (per curiam) ........................................................................ 5

*Denney v. Deutsche Bank AG,*
  443 F.3d 253 (2d Cir. 2006) ............................................................................................ 17

*D.L. v. District of Columbia,*
  713 F.3d 120 (D.C. Cir. 2013) .......................................................................................... 7

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez,*
  431 U.S. 395 (1977) .......................................................................................................... 3

*Flecha v. Medicredit, Inc.*,
   946 F.3d 762 (5th Cir. 2020) ................................................................. *passim*

*Fleming v. Travenol Lab'ys, Inc.*,
   707 F.2d 829 (5th Cir. 1983) ................................................................. 14

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982) ................................................................. 7, 8, 11

*Gen. Tel. Co. v. EEOC*,
   446 U.S. 318 (1980) ................................................................. 14

*Haab v. City of Bossier City*,
   No. 16-cv-1663, 2018 WL 1220570 (W.D. La. Mar. 8, 2018) ................................................................. 15

*In re Deepwater Horizon*,
   785 F.3d 1003 (5th Cir. 2015) ................................................................. 17

*In re Delta/AirTran Baggage Fee Antitrust Litig.*,
   317 F.R.D. 675 (N.D. Ga. 2016) ................................................................. 5

*James v. City of Dallas*,
   254 F.3d 551 (5th Cir. 2001) ................................................................. 11, 12

*John v. Nat'l Sec. Fire & Cas. Co.*,
   501 F.3d 443 (5th Cir. 2007) ................................................................. 5

*Kincade v. Gen. Tire & Rubber Co.*,
   635 F.2d 501 (5th Cir. 1981) ................................................................. 13

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ................................................................. 18

*M.D. ex rel. Stukenberg v. Perry*,
   675 F.3d 832 (5th Cir. 2012) ................................................................. 3, 8, 10

*Maldonado v. Ochsner Clinic Found.*,
   493 F.3d 521 (5th Cir. 2007) ................................................................. 16

*Marcus v. BMW of N. Am., LLC*,
   687 F.3d 583 (3d Cir. 2012) ................................................................. 14, 15

*Mims v. Stewart Title Guar. Co.*,
   590 F.3d 298 (5th Cir. 2009) ................................................................. 7

*New York v. Heckler*,
   719 F.2d 1191 (2d Cir. 1983) ................................................................. 13

*Pederson v. La. State Univ.,*
   213 F.3d 858 (5th Cir. 2000) ................................................................ 14

*Planned Parenthood v. Heckler*,
   712 F.2d 650 (D.C. Cir. 1983) ............................................................. 13

*Rivera v. Wyeth-Ayerst,Lab'ys.,*
   283 F.3d 315 (5th Cir. 2002) ............................................................. 3, 5

*Robinson v. Tex. Auto. Dealers Ass'n,*
   387 F.3d 416 (5th Cir. 2004) ................................................................. 3

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ................................................................................. 3

*TransUnion LLC v. Ramirez,*
   141 S. Ct. 2190 (2021) ..................................................................... 4, 17

*Wal-Mart Stores, Inc. v. Dukes,*
   564 U.S. 338 (2011) ..................................................................... *passim*

*Walsh v. Ford Motor Co.*,
   807 F.2d 1000 (D.C. Cir. 1986) ........................................................... 10

*Washington v. CSC Credit Servs.,*
   199 F.3d 263 (5th Cir. 2000) ................................................................. 7

**STATUTES**

42 U.S.C. § 300 ........................................................................... 9, 10, 15

**RULES**

Fed. R. Civ. P. 23 ................................................................. *passim*

Local Civ. R. 23.2 ..................................................................... 6

**OTHER AUTHORITIES**

1 William B. Rubenstein, *Newberg on Class Actions* (5th ed. 2011) ...................................... 5, 13

5 James W. Moore *et al*., MOORE'S FEDERAL PRACTICE (3d ed. 2003) ........................................ 5

S. Rep. No. 95-822 (1978) ................................................................................. 12

## SUMMARY

Title X of the Public Health Service Act authorizes the Department of Health and Human Services ("HHS") to make grants for the provision of a broad range of family planning methods and services to all persons desiring such services. Title X requires that, to the extent practical, grantees encourage family participation in the delivery of family planning methods and services. Plaintiff Alexander Deanda has brought this challenge to the administration of Title X on behalf of himself and two proposed classes for which he now seeks certification: (1) parents of minor children in Texas; and (2) parents of minor children in the United States. Plaintiff seeks relief on behalf of those classes that would enjoin Defendants from providing funding to entities in Texas and nationwide that do not require parental consent for family planning services to minors.

Plaintiff's motion for class certification should be denied. Plaintiff's failure to sustain his burden to establish subject matter jurisdiction with respect to his individual claims provides sufficient reason to reject the motion for class certification. Nonetheless, Plaintiff's proposed classes also fail to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. The proposed classes are so overly broad that they likely would include within their sweep numerous members holding divergent and even conflicting interests. Plaintiff cannot show that all parents of minor children in Texas, let alone the United States, share common contentions and interests. Indeed, because the claims depend upon parents' subjective contentions and interests, neither class would be clearly ascertainable. And because the proposed classes would include members with divergent and even conflicting interests, Plaintiff could not fairly and adequately protect the interests of all class members. Nor would allowing this case to proceed as a class action serve the interests of judicial economy, as Plaintiff cannot show that the potential litigants are so numerous that joinder would be impracticable. Indeed, the proposed classes do not satisfy

Rule 23(b)(2) because Plaintiff cannot show that Defendants have acted or refused to act on grounds generally applicable to the class such that a single injunction could provide just relief to each class member. To the contrary, class certification would unjustly burden class members whose interests conflict with those of Plaintiff because Rule 23(b)(2) does not require that class members receive notice or an opportunity to opt out of the class. Finally, even assuming the proposed classes could satisfy Rule 23, the putative classes would lack Article III standing for similar reasons.

Accordingly, Plaintiff's Motion for Class Certification, ECF No. 32, should be denied.

## BACKGROUND

Defendants respectfully refer to the more detailed background statement in their Brief in Support of Motion for Summary Judgment ("Def. Mot."), ECF No. 27.

The parties have filed pending cross motions for summary judgment. *Id.;* Plaintiff's Cross-Motion for Summary Judgment and Response to Defendants' Motion for Summary Judgment ("Pl. Mot."), ECF No. 30. After filing his cross-motion for summary judgment, Plaintiff filed a Motion for Class Certification, ECF No. 32. *See also* Brief in Support of Motion for Class Certification ("Pl. Br."), ECF No. 33.

Plaintiff has moved to certify two classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The first putative class would consist of all parents of minor children in Texas. The second putative class would consist of all parents of minor children in the United States.

## ARGUMENT

"The class-action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). A putative class

representative may litigate the class's claims only if he is "part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members." *Wal-Mart*, 564 U.S. at 348-49 (quoting *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). To obtain certification of a non-opt-out class under Rule 23(b)(2), Plaintiff must demonstrate that an ascertainable class exists which also meets the requirements of both Rule 23(a) and 23(b)(2). Rule 23(a) provides that the Plaintiff must demonstrate that the putative class meets the prerequisites of: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). Rule 23(b)(2) requires Plaintiff to demonstrate that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The plaintiff bears the burden to prove that these requirements have been met, subject to "rigorous analysis" in light of the "claims, defenses, relevant facts, and applicable substantive law." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (citations omitted); *see also Robinson v. Tex. Auto. Dealers Ass'n*, 387 F.3d 416, 420 (5th Cir. 2004) ("To make a determination on class certification, a district court must conduct an intense factual investigation.").

## I.    PLAINTIFF LACKS STANDING TO REPRESENT THE PUTATIVE CLASSES

"[B]ecause it determines the court's fundamental power even to hear the suit," the plaintiff's demonstration of "standing is an inherent prerequisite to the class certification inquiry." *Rivera v. Wyeth-Ayerst Lab'ys.*, 283 F.3d 315, 319 (5th Cir. 2002) (quoting *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir. 2001)). When, as here, "it is the *class representative* who presents a standing problem, then *that* standing issue must be addressed first,

prior to deciding class certification." *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020). "After all, if the class representative lacks standing, then there is no Article III suit to begin with—class certification or otherwise." *Id.*

Defendants have shown in support of their pending motion for summary judgment that Plaintiff has failed to sustain his burden to establish subject matter jurisdiction, including standing. *See* Def. Mot. at 11-20; Defendants' Combined Reply in Support of Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment ("Def. Reply"), ECF No. 35, at 2-15. Rather than restate those arguments in full, Defendants incorporate those arguments and authorities by reference and summarize the points here. Def. Mot. at 11-20; Def. Reply at 2-15. Plaintiff fails to demonstrate that he has standing to pursue his individual claims, as he has not suffered an actual, concrete injury in fact that is fairly traceable to Defendants' administration of the Title X program without a parental consent requirement and redressable by the present action. *See* Def. Mot. at 11-20; Def. Reply at 6-15; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) ("No concrete harm, no standing."). Plaintiff fails to demonstrate any likelihood that any of his minor children would seek or obtain family planning services under Title X without his consent. Def. Mot. at 11-20; Def. Reply at 6-15. Although "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring," *TransUnion*, 141 S. Ct. at 2210, Plaintiff fails to set forth any evidence showing risk of "sufficiently imminent and substantial" harm, *id.* (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n. 5 (2013)). Because Plaintiff fails to sustain his burden to establish subject matter jurisdiction over his individual claims challenging the administration of Title X, he similarly cannot pursue those claims on behalf of the two proposed classes he

seeks to represent. Plaintiff's motion for class certification therefore must be denied. *Rivera*, 283 F.3d at 319 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

## II.   THE PUTATIVE CLASSES ARE NOT ADEQUATELY DEFINED OR CLEARLY ASCERTAINABLE

"[T]o maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (per curiam). Although not expressly stated in the rule, "[t]he existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). "A precise class definition is necessary to identify properly 'those entitled to relief, those bound by the judgment, and those entitled to notice.'" *Bratcher v. Nat'l Standard Life Ins. Co. (In re Monumental Life Ins. Co.)*, 365 F.3d 408, 413 (5th Cir. 2004) (quoting 5 James W. Moore *et al.*, MOORE'S FEDERAL PRACTICE § 23.21[6], at 23-62.2 (3d ed. 2003)). This requirement of a definable and ascertainable class protects absent plaintiffs "by defining who is entitled to relief" and protects defendants "by enabling a final judgment that clearly identifies who is bound by it." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 317 F.R.D. 675, 679 (N.D. Ga. 2016) (quoting 1 William B. Rubenstein, *Newberg on Class Actions* § 3:1 (5th ed. 2011) ("*Newberg*")); *but see In re Monumental Life Ins. Co.*, 365 F.3d at 413 ("Some courts have stated that a precise class definition is not as critical where certification of a class for injunctive or declaratory relief is sought under rule 23(b)(2).").

Plaintiff seeks certification of two overly broad classes. Pl. Br. at 1. "The first proposed class consists of all parents of minor children in the State of Texas." *Id.* "The second proposed class consists of all parents of minor children in the United States." *Id.* Plaintiff describes the common characteristics of the class as simply being "parents of minor children[,]" *id.*, while the

distinguishing characteristics he identifies are simply "the number of children that they have and the age of their children[,]" *id.*

Far from being adequately defined or clearly ascertainable, Plaintiff's class definitions are overly broad to justify certification. The broad, unqualified sweep of Plaintiff's proposed definitions, which would include *all* parents of minor children in the state of Texas and nationwide, respectively, inevitably would include as class members parents with numerous and meaningful distinguishing characteristics. *See* Local Civ. R. 23.2(b)(3) (requiring identification of "the distinguishing and common characteristics of class members"). In all likelihood, the proposed classes would include numerous class members who do not share Plaintiff's objection to the administration of Title X, or whose minor children would be unlikely to seek or obtain family planning services or methods from an entity receiving Title X funds. Both proposed classes likely would include as members parents with divergent and likely conflicting views about whether minors should have access to confidential family planning services. And, although state laws may not impose additional eligibility requirements upon Title X funding, Def. Mot. 21-25; Def. Reply at 16-20, nonetheless the proposed nationwide class would include parents in different states with different laws on relevant issues such as minors' legal ability to consent to their own access to family planning services; these differing laws further evidence the likelihood that absent class members would hold divergent views, making ascertainment of the class manageable.[1] *See* Def. Reply at 21. Allowing such overly broad classes to proceed would unduly

---

[1] As noted in Defendants' reply brief in support of their motion for summary judgment, Def. Reply at 21, a small sample suggests that state laws vary with respect to the legal competence of minors to provide their own consent in particular contexts. *See, e.g.,* ALA. CODE § 22-8-4 (In general, "[a]ny minor who is 14 years of age or older, or has graduated from high school, or is married, or    . . . divorced or is pregnant may give effective consent to any legally authorized medical, dental, health or mental health services for himself or herself."); TENN. CODE ANN. § 68-34-107 ("Contraceptive supplies and information may be furnished by physicians to any

burden Defendants as well as members of the class who do not share Plaintiff's objection to the administration of the Title X program. *Cf. Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 308 (5th Cir. 2009) (class permissible when it is "sufficiently narrow as to exclude the likelihood that many plaintiffs were improperly included"). Nor could the proposed classes be reformed to avoid this over-inclusion of parents with divergent interests, as an adequate definition of each class would require individualized inquiry into the contentions of putative absent class members. Plaintiff's proposed classes therefore are not clearly ascertainable.

### III.  PLAINTIFFS HAVE NOT SATISFIED THE FOUR REQUIREMENTS OF RULE 23(A)

To proceed with a class action, Plaintiff must show that the proposed classes satisfy the four prerequisites in Rule 23(a) of the Federal Rules of Civil Procedure:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

"[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable" *Wal-Mart*, 564 U.S. at 351 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Plaintiff must sustain the burden of demonstrating that class certification is appropriate. *Washington v. CSC Credit Servs.*, 199 F.3d 263, 265 (5th Cir. 2000) (citing *Castano v. Am. Tobacco Co.*, 84

---

minor who is pregnant, a parent, or married, or who has the consent of the minor's parent or legal guardian, or who has been referred for such service . . . , or who requests and is in need of birth control procedures, supplies or information."); Va. Code Ann. § 54.1-2969(E)(2) ("A minor shall be deemed an adult for the purpose of consenting to . . . [m]edical or health services required in case of birth control, pregnancy, or family planning except for the purposes of sexual sterilization").

F.3d 734, 740 (5th Cir. 1996)). Plaintiff's motion for class certification should be denied because neither proposed class satisfies the four prerequisites in Rule 23(a).

> **A.      Both putative classes lack commonality**

Neither of the proposed classes satisfies the perquisite of raising common questions of law and fact. Fed. R. Civ. P. 23(a)(2). Rule 23(a)(2) requires not merely the literal raising of "common 'questions,'" but rather "the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350; *D.L. v. District of Columbia*, 713 F.3d 120, 125 (D.C. Cir. 2013). In other words, not only must the claims depend upon a "common contention," but also the plaintiff must "demonstrate that the class members 'have suffered *the same injury*.'" *Wal-Mart*, 564 U.S. at 349-50 (emphasis added) (quoting *Falcon*, 457 U.S. at 157). "Rule 23(a)(2) requires that all of the class member's claims depend on a common issue of law or fact whose resolution 'will *resolve* an issue that *is central to the validity* of each one of the [class member's] claims in one stroke.'" *Perry*, 675 F.3d at 840 (quoting *Wal-Mart,* 564 U.S. at 350) (emphasis and alteration by Fifth Circuit). Merely claiming injury under the same statute, for example, "gives no cause to believe that [the] claims can productively be litigated at once." *Wal-Mart*, 564 U.S. at 350. Rather, the claims "must depend upon a common contention – for example, the assertion of discriminatory bias on the part of the same supervisor." *Id.* And "[t]hat common contention, moreover, must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims *in one  stroke*." *Id.* (emphasis added).

Plaintiff cannot satisfy this requirement to show questions of law or fact common to either of the proposed classes. Plaintiff asserts that the first proposed class, comprised of all Texas-based parents, raises two common questions of law: "(1) Whether Texas's parental-

consent laws are preempted by the Title X statute; and (2) Whether the Title X statute, as currently interpreted and administered by the defendants, infringes the constitutional right of parents to direct the upbringing of their children." Pl. Br. at 2. Similarly, he argues that the latter question is also common to the second proposed class, comprised of all "parents with minor children in the United States." *Id.* Plaintiff argues that each class member is suffering the same injury because each "is being denied their statutory and constitutional rights to consent to their children's medical treatment." *Id.*

The classes lack commonality because the would-be members of the putative classes share neither a common contention nor a common injury. *Wal-Mart*, 564 U.S. at 349-50. Indeed, Plaintiff fails to show that any of the members of the proposed classes share the same contention or injury. Plaintiff's motion merely assumes that all parents of minor children in Texas and nationwide share his contention that Title X harms them by making grants to entities that make voluntary, confidential family planning methods and services available to all persons desiring such services, including minors. Because Plaintiff's proposed class definitions sweep so broadly, in all likelihood many would-be class members would oppose such a contention. But Plaintiff offers no evidence showing the potential number of absent class members who might actually support Defendants' administration of Title X, including the provision of confidential services as an essential means to promote adolescent health and avoid unplanned pregnancies. *See, e.g.,* Def. Mot. 25-34; Def. Reply at 20-23.

Plaintiff's assumptions of shared injury to putative class members do not suffice to satisfy Rule 23(a), *Wal-Mart*, 564 U.S. at 351, particularly when the claims Plaintiff proposes to pursue on behalf of the putative classes depend upon such highly individualized facts involving a broad array of family circumstances. Plaintiff's challenge to the administration of Title X turns

upon parents' subjective "wish to be informed if their children are accessing or attempting to access prescription contraception, or . . . to prevent their children from obtaining or using these drugs without their consent." Complaint ("Compl."), ECF No. 1, ¶¶ 46, 47. Plaintiff's claims on behalf of the putative classes therefore would require individualized inquiry into the applicable facts and thus cannot be productively litigated all at once. In such cases, where:

> the merits of each class member's substantive due process claims depend on an individualized inquiry regarding the harm or risk of harm experienced by each class member from the State's practices, then 'dissimilarities within the proposed class' would appear to prevent the class claims from asserting a common question of law that 'will resolve an issue that is central to the validity of each one of the claims in one stroke.'

*Perry*, 675 F.3d at 843 (quoting *Wal-Mart*, 564 U.S. at 350).

Additionally, Title X projects must encourage family participation to the extent practical. 42 U.S.C. § 300(a). Even assuming that any class member's minor child were to seek family planning services from a Title X project, the nature and degree of practical family participation could vary greatly. The family planning services provided also might vary, given the "broad range" of family planning methods and services grantees provide under Title X. *Id.* A minor seeking family planning services might not receive any "medical treatment" at all, but instead counseling or education, for example. *Id.*; *cf.* Pl. Br. at 2. For this reason, as well, Plaintiff fails to show that the claims of either proposed class could be productively resolved by means of a single class action. *Wal-Mart*, 564 U.S. at 350; *Perry*, 675 F.3d at 840.

Finally, with respect to the nationwide class, widespread variations in relevant state laws further suggest the existence of divergent legal and factual issues that would make the proposed class unmanageable. Def. Reply at 21; *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986) ("[T]o establish commonality of the applicable law, nationwide class action movants must creditably demonstrate, through an 'extensive analysis' of state law variances, 'that class

certification does not present insuperable obstacles.'"). As noted above, variations in state law evidence the likelihood of a divergence and even a conflict of interests and contentions among absent class members with respect to the issues in this case. *See* Def. Reply at 21. And Plaintiff's contention in Claim No. 2 that the administration of Title X interferes with parents' right to direct the upbringing of their children implicates not only the subjective interests of the parents but also the interests of the government as well as minors, themselves. *See* Def. Mot. at 25-34; Def. Reply at 20-23. The fact that states have adopted differing laws on issues such as minors' ability to consent evidences a divergence of law and facts at issue in the claims of would-be class members. Consequently, the second class of all parents of minor children in the United States could not be productively litigated at once or resolved "in one stroke" and therefore lacks commonality. *Wal-Mart*, 564 U.S. at 350.

Accordingly, the numerous distinguishing legal and factual issues implicit in the claims show that neither proposed class satisfies the commonality requirement of Rule 23(a)(2).

## B.    Both putative classes lack typicality

Similarly, neither of the classes satisfies the requirement in Rule 23(a)(3) that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Although "[t]ypicality does not require a complete identity of claims[,]" *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001), the class representative's claims must bear "the same essential characteristics of those of the putative class[,]" *id.* Typicality and commonality "tend to merge," and both ultimately address "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim[s] and the class claim[s] are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 564 U.S. at 349 n.5 (quoting *Falcon*, 457 U.S. at 157-58, n.13); *see also Flecha*, 946 F.3d at 768.

As discussed above, the claims in this case could not be efficiently litigated at once because they depend upon individualized factual and legal issues. The absent class members are likely to hold divergent contentions with respect to crucial issues such as consent, confidentiality, and access to family planning services, as reflected in the distinctions in relevant state laws that demonstrate the potential for disparate contentions and interests among absent class members. Def. Reply at 21. Plaintiff therefore cannot show that his claims share the "same essential characteristics of those of the putative class." *James*, 254 F.3d at 571. In light of such a divergence of interests, Plaintiff cannot possibly provide fair and adequate protection for the interests of *all* parents of minor children in Texas much less across the country with respect to access to family planning services funded under Title X.

### C.      Plaintiff would not fairly and adequately protect absent class members

For similar reasons, Plaintiff cannot satisfy the requirement in Rule 23(a)(4) to demonstrate that he "will fairly and adequately protect" the interests of the putative class members. "[T]he existence of a class fundamentally alters the rights of present and absent members, particularly for mandatory classes such as the one here." *Chavez v. Plan Benefit Servs.*, 957 F.3d 542, 547 (5th Cir. 2020). Accordingly, before a Rule 23(b)(2) class can be certified, the Court must rigorously examine whether the proposed class representatives will adequately protect the interests of the absent class members. *See, e.g.*, *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). This inquiry "serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent." *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Plaintiff argues that "[n]o member of the class can be harmed or made worse off" by his request to enjoin Title X funding for projects that do not require parental consent. Pl. Br. at 3. But numerous authorities have concluded that confidentiality precludes parental consent

requirements and is essential to ensuring access to all people desiring family planning services, including adolescents. *See, e.g.,* S. Rep. No. 95-822, at 12, 27, 30 (1978); *Planned Parenthood v. Heckler*, 712 F.2d 650, 659-60 (D.C. Cir. 1983); *New York v. Heckler*, 719 F.2d 1191, 1196 (2d Cir. 1983); Def. Mot. at 5-9, 21-25, 31-34; Def. Reply at 16-24. It follows logically that the requested injunction would harm the interests of potential absent class members who support confidential access to family planning services as a means of promoting adolescent reproductive health and reducing unplanned pregnancies. Moreover, differing state laws with respect to minors' capacity to provide their own consent for family planning methods and services, for example, evidence the potential for such conflicting interests among absent class members. *See, e.g.,* Def. Reply at 21. In light of such varying and conflicting interests with respect to central issues, Plaintiff could not possibly fairly and adequately protect the interests of all parents. Rather, Plaintiff seeks relief in this case that would be contrary to the interests and rights of absent class members with divergent or conflicting views. The mandatory nature of a Rule 23(b)(2) class, which does not provide absent class members an opportunity to opt out, further compounds the significance of this conflict of interest among class members. *Wal-Mart*, 564 U.S. at 362 ("The Rule provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."); *Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 506 (5th Cir. 1981) ("[T]he Federal Rules do not provide objectors a right to opt out of class actions brought under Rule 23(b)(2)."). Plaintiff's motion for class certification must be denied because Plaintiff cannot fairly and adequately protect the interests of all class members. Fed. R. Civ. P. 23(a)(4).

### D.      Plaintiff fails to prove sufficient numerosity for either class

Finally, Rule 23(a)(1) provides that a class action is maintainable only if "the class is so numerous that joinder of all members is impracticable." Plaintiff fails to sustain the burden to

"prove that there are *in fact* sufficiently numerous parties." *Wal-Mart*, 564 U.S. at 350; *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980) ("The numerosity requirement requires examination of the specific facts of each case[.]"). To satisfy the numerosity requirement, the Plaintiff must "demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.,* 213 F.3d 858, 868 (5th Cir. 2000); *see Fleming v. Travenol Lab'ys, Inc.,* 707 F.2d 829, 833 (5th Cir. 1983) ("The mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient to meet this prerequisite."). More than a mere requirement to provide a numerical estimate, "[t]he impracticability of joinder, or numerosity, requirement also promotes judicial economy by sparing courts the burden of having to decide numerous, sufficiently similar individual actions seriatim." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 594 (3d Cir. 2012); Newberg § 3.11 (numerosity requirement "helps ensure . . . an efficient means of adjudication" by avoiding a potential "flood of litigation").

Plaintiff's motion for class certification sets forth general statistical estimates of the millions of parents of minor children in Texas and in the United States. Pl. Br. at 1. But, as noted above, Plaintiff fails to show that any of the absent class members in either of the proposed classes would in fact share his contention of harm. *See Marcus*, 687 F.3d at 597 (district court abused its discretion by finding Rule 23(a)(1) satisfied where "the only fact with respect to numerosity proven . . . is that [the Plaintiff] himself is a member of the proposed class"). Plaintiff's proposed classes are overly broad and likely to include absent class members with disparate interests and contentions. Plaintiff's estimates therefore likely do not reflect the actual numbers of potential class members who share his contentions, numbers which would depend upon an individualized inquiry into subjective interests and thus are not clearly ascertainable. And Plaintiff cannot sustain his burden under Rule 23(a)(1) by proposing overly broad class

definitions and subsequently relying upon mere speculation that the estimated millions of parents falling within that broad sweep have suffered the same injury and do not hold unmanageably divergent views. *Flecha*, 946 F.3d at 768 ("[C]ourts must certify class actions based on proof, not presumptions."); *Marcus*, 687 F.3d at 597; *Haab v. City of Bossier City*, No. 16-cv-1663, 2018 WL 1220570, at *5 (W.D. La. Mar. 8, 2018) ("Plaintiff offers speculation based on statistics, but there is no actual evidence to suggest that those statistics result in real claimants in this situation that warrant an expensive and resource-demanding class action proceeding.").

Moreover, in the absence of evidence showing that numerous potential class members share the same injury, certifying the proposed classes would not promote judicial efficiency. As noted, the proposed classes would be unmanageable because they would be likely to include absent class members with disparate interests. Further, the absence of evidence of any likelihood that other class members would bring their own suits raising similar challenges to the administration of Title X further undermines the rationale that class certification would enhance judicial efficiency by avoiding a spate of litigation raising similar claims. To the contrary, Title X's confidentiality requirement has been well-settled for decades. *See* Def. Mot. at 22-25; Reply at 16-20. Plaintiff therefore fails to set forth evidence of numerosity sufficient to justify an "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 564 U.S. at 348.

Accordingly, Plaintiff's two proposed classes fail to satisfy all four prerequisites in Rule 23(a), and the motion for class certification should be denied.

## IV.     BOTH PUTATIVE CLASSES FAIL TO SATISFY RULE 23(B)(2)

Plaintiff fails to meet the requirements of Rule 23(b)(2) for the two mandatory classes he seeks to certify. Pl. Br. at 4-5. Certification under Rule 23(b)(2) is permitted only when "the

party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]his rule seeks to redress what are really group as opposed to individual injuries," thus "render[ing] the notice and opt-out provisions of (b)(3) unnecessary." *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 198 (5th Cir. 2010) (quoting *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970, 975 n.22 (5th Cir. 2000)). Certification under this provision is permissible "only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart.*, 564 U.S. at 360. And the relief sought "must be specific," *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 524 (5th Cir. 2007).

Certification under Rule 23(b)(2) should be denied because Defendants have not "acted or refused to act on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2). Plaintiff does not demonstrate that any of his minor children has obtained or is likely to obtain family planning services from a Title X project without his consent. Similarly, he does not set forth any such evidence with respect to would-be members of the proposed classes. Moreover, as noted above, individualized factual variation is likely because Title X provides that entities receiving grants or contracts under Title X must encourage family participation to the extent practical. 42 U.S.C. § 300(a). Title X projects also must provide a "broad range" of family planning methods and services. *Id.* Accordingly, the extent of family participation as well as the family planning methods or services provided naturally will vary from case to case. For these and all the reasons discussed above, Plaintiff cannot meet his burden to show that the Defendants have acted on grounds that apply generally to the class. Fed. R. Civ. P. 23(b)(2).

Furthermore, as discussed above, a single injunction could not provide appropriate relief to each member of either of the proposed classes. Fed. R. Civ. P. 23(b)(2); *Wal-Mart*, 564 U.S. at 360. Plaintiff seeks to enjoin Title X funding to any entity that does not require parental consent for the provision of family planning services to minors. Compl. ¶¶ 36, 43. Plaintiff seeks to represent all parents of minor children in Texas and in the country. Pl. Br. at 2. A single injunction could not plausibly provide appropriate relief to each member of these proposed classes. Plaintiff seeks to certify classes that are so broad that they logically will include absent class members with disparate and even conflicting interests. Many absent class members who do not share Plaintiff's contention of harm may even oppose the relief Plaintiff seeks. Given the broad range of family planning methods and services available under Title X, as well as the likely disparity of interests among the absent class members, Plaintiff cannot show that a single injunction could provide appropriate relief to all members of either putative class. *See Wal-Mart*, 564 U.S. at 360.

Accordingly, the proposed classes do not satisfy Rule 23(b)(2).

## V.      THE PROPOSED CLASSES LACK ARTICLE III STANDING

Even if one or both of Plaintiff's proposed classes could satisfy Rule 23, the proposed classes fail to satisfy Article III. The Fifth Circuit "has not yet decided whether standing must be proven for unnamed class members, in addition to the class representative." *Flecha*, 946 F.3d at 768 (citing *In re Deepwater Horizon*, 785 F.3d 1003, 1018-20 (5th Cir. 2015)). Nonetheless, the Fifth Circuit has noted that "some circuits have held that 'no class may be certified that contains members lacking Article III standing.'" *Id.* (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006)); *cf. TransUnion*, 141 S. Ct. at 2208 & n.4 (holding that every class member must have standing to obtain relief, but declining to address "the distinct question whether every class member must demonstrate standing *before* a court certifies a class.").

Plaintiff's lack of standing as the class representative and the failure of the putative classes to satisfy Rule 23 notwithstanding, the putative classes also would share with Plaintiff the same critical lack of concrete injury in fact that is fairly traceable to the Defendants' actions and redressable by the present action. *See Flecha*, 946 F.3d at 768 ("Because the class fails under Rule 23, there is no need to separately decide whether the class additionally fails under Article III."). As with his individual claims, Plaintiff fails to show any likelihood that any of the minor children of putative class members would obtain family planning services from a Title X-funded project without their parents' consent. Def. Mot. at 11-20; Def. Reply at 6-15. Moreover, as discussed above, the putative classes likely would include within their sweep absent class members who do not share Plaintiff's contention of harm from the administration of Title X. *Flecha*, 946 F.3d at 768. The putative classes therefore also lack standing under Article III. Def. Mot. at 11-20; Def. Reply at 6-15; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Flecha*, 946 F.3d at 768.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Class Certification.

Dated:  August 16, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/ *Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2021, I electronically transmitted the foregoing to the parties and the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

/s/ *Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov