IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEXANDER R. DEANDA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, in this official capacity as Secretary of Health and Human Services, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:20-CV-092-Z |

## ORDER

Before the Court is Plaintiff's Motion to Certify Class ("Motion") filed on July 26, 2021 (ECF No. 32). After reviewing the Motion, pleadings, and relevant law, the Court **DENIES** Plaintiff's Motion **WITHOUT PREJUDICE**. Plaintiff may file an amended Motion to Certify Class **on or before Tuesday, March 15, 2022, at 5:00 p.m. (CST)**, should he choose to do so.

### LEGAL STANDARD

A class action lawsuit permits an individual to sue on behalf of everyone injured in the same wrongdoing.[1] To obtain non-opt-out class certification, a plaintiff must demonstrate an ascertainable class that meets the requirements of both Federal Rule of Civil Procedure 23(a) and 23(b)(2).

---

[1] *See* BRIAN T. FITZPATRICK, THE CONSERVATIVE CASE FOR CLASS ACTIONS 7 (2019) ("We don't just let anyone file a class action lawsuit. There are special procedures in place to make sure the person who field it and his or her lawyer are qualified to represent all the other class members.").

1. **Ascertainable**

Rule 23 implies the existence of an ascertainable class. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007); *see also generally* FED. R. CIV. P. 23. "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (citations omitted); *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (same). "There can be no class action if the proposed class is 'amorphous' or 'imprecise.'" *John*, 501 F.3d at 445 n.5. "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *Id.* at 445.

Class members need not be "so clearly identified that any member can be presently ascertained at the certification stage." *Valenzuela v. Swift Beef Co., Inc.*, No. 3:06-CV-2322-N, 2009 WL 10677935, at *1 (N.D. Tex. Jan. 13, 2009) (citations omitted). "[T]he failure to establish the exact number of class members will not preclude the certification of [an] action as a class action." *Ladd v. Dairyland Cnty. Mut. Ins. Co. of Tex.*, 96 F.R.D. 335, 336 (N.D. Tex. 1982). But the description of the class "must be sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member." *Id.* (citations omitted).

2. **Four Factors**

Rule 23(a) defines four class-certification requirements: (1) "the class [be] so numerous that joinder of all members is impracticable"; (2) "there are questions of law or fact common to the class"; (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) "the representative parties will fairly and adequately protect the interests of the class." *Id.*

Although Rule 23(a) does not set forth a pleading standard, the plaintiff bears the burden to prove "affirmative compliance" with Rule 23(a)'s requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). This burden requires proof "that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* A court must subject a class-certification pleading to "rigorous analysis" in light of the "claims, defenses, relevant facts, and applicable substantive law." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (citations omitted); *see also Robinson v. Tex. Auto. Dealers Ass'n*, 387 F.3d 416, 420 (5th Cir. 2004) ("To make a determination on class certification, a district court must conduct an intense factual investigation."). Such analysis ensures "actual, not presumed, conformance with Rule 23(a)." *Wal-Mart*, 564 U.S. at 351 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

The court must then find that the class fits within one of Rule 23(b)'s categories. Here, Plaintiff "moves to certify two classes under Rule 23(b)(2)." ECF No. 32 at 1. Rule 23(b)(2) requires a plaintiff to demonstrate a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

**ANALYSIS**

Plaintiff moves to certify two classes under Rule 23(b)(2). ECF No. 32 at 1. The first proposed class consists of "all parents of minor children in the State of Texas." *Id.* The second proposed class consists of "all parents of minor children in the United States." *Id.* The Court finds the proposed classes are not "clearly ascertainable" and fail to satisfy Rule 23(a)'s four requirements.

1. **Plaintiff's Proposed Classes Are Not Clearly Ascertainable**

A class proves adequately defined or clearly ascertainable by objective criteria. *Bear Creek Bible Church v. E.E.O.C.*, No. 4:18-CV-00824-O, 2021 WL 5449038, at *15 (N.D. Tex. Nov. 22, 2021). A precise class definition requires objective criteria "to identify properly those entitled to relief, those bound by the judgment, and those entitled to notice." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir. 2004).

Plaintiff does not provide objective criteria that allow the Court to best determine those entitled to notice and relief. Plaintiff contends the proposed class definitions of "all parents of minors in the State of Texas" and "all parents of minors in the United States" are not "vague or imprecise."[2] ECF No. 41 at 6. Yet Plaintiff fails to account for other relevant "distinguishing and common characteristics of class members." N.D. Tex. R. 23.2(b)(3). Plaintiff defines the common characteristic of each class as "parents of minor children" and the distinguishing characteristic as "the number of children that they have and the age of their children." ECF No. 41 at 1. Plaintiff's definitions overlook meaningful distinctions within the broad proposed classes that — if ignored — would make notice and relief impossible for this Court to enforce.

A. *Meaningful Distinctions*

Defendants correctly aver Plaintiff's proposed class of "all parents of minor children in the United States" is too broad. Laws that regulate a minor's legal ability to consent to his or her own access to contraception[3] differ from state to state. ECF No. 37 at 11. Texas, for example, provides parents the right to consent to adolescent medical and dental care as well as psychiatric,

---

[2] *See* ECF No. 41 at 6 (stating "[a] person is either a parent of a minor in the State of Texas (or in the United States), or he isn't").

[3] Plaintiff's and Defendants' briefs refer to "family-planning services", mirroring closely the relevant language of Title X. However, "family-planning services" is simultaneously over-inclusive, under-inclusive, and euphemistic. Therefore, the Court will use the term that more accurately describes what is being provided to minor children in Defendants' administration of the Title X program — contraception —other than when quoting the Parties.

4

psychological, and surgical treatment. ECF No. 1 at 2; *see also* TEX. FAM. CODE § 151.001(6). But not all states share Texas's policies. That states differ as to the legal rights of minors concerning contraception indicates a meaningful distinction in parental attitudes between members of Plaintiff's proposed nationwide class. Beyond differences in parental rights, both proposed classes will include minors who are unlikely to seek or obtain contraception from a Title X recipient entity. ECF No. 37 at 11.

B. *Judicial Economy*

Ascertainment requires a proposed class to be precisely defined for this Court to properly determine *who* is entitled to relief, notice, and ultimately bound by judgment. *In re Monumental Life Ins. Co.*, 365 F.3d at 413 (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.21[6] (3d ed. 2003)). Plaintiff rightly avers "overbreadth" alone is not a reason to deny class certification. ECF No. 41 at 7. However, overbreadth suggests a lack of an ascertainable class, making the Court's determination of *who* is entitled to relief, notice, and bound by court judgment impracticable. *Cf. John*, 501 F.3d at 445 ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings.").

It is impracticable — and impossible — to provide notice to the millions of "parents of minors in the State of Texas," let alone "parents of minors in the United States." It is further impossible for the Court to grant relief and enforce judgment over such an amorphous and imprecise group. This is particularly true where meaningful distinctions requiring individualized assessments into state laws and parenting philosophies exist. If the Court were to certify Plaintiff's proposed classes, it would have to provide notice to and determine relief for millions of parents of minors — many of whom inevitably possess meaningful distinctions from one another. Such a burden on judicial economy defeats the purpose of ascertainment.

### 2. Plaintiff's Proposed Classes Do Not Satisfy Rule 23(a) Requirements

Plaintiff's proposed classes fail to meet the requirements of numerosity, commonality, typicality, and adequacy required for class certification.

A. *Numerosity*

A "mere allegation that the class is too numerous to make joinder practicable, by itself, is not sufficient" to satisfy Rule 23(a)'s numerosity requirement. *Fleming v. Travenol Lab'ys, Inc.*, 707 F.2d 829, 833 (5th Cir. 1983). A plaintiff "must demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000).

Here, Plaintiff argues the classes are "defined in a manner that is limited to parents who agree with Mr. Deanda's views." ECF No. 33 at 8. However — without detailing which specific class members share Petitioner's views — Plaintiff argues both proposed classes "easily exceed[] the numerosity threshold" simply because the proposed class of parents of minors in Texas "consists of between 5 to 6 million class members" and the proposed class in the United States "consists of approximately 63 million class members." *Id.* at 5–6.

Plaintiff fails to "prove that there are *in fact* sufficiently numerous parties." *Wal-Mart*, 564 U.S. at 350; *see also Gen. Tel. Co. v. E.E.O.C.*, 446 U.S. 318, 330 (1980) ("The numerosity requirement requires examination of the specific facts of each case . . . ."). As Defendant avers, Plaintiff fails to provide evidence of absent class members who would share his contention of harm. ECF No. 37 at 19. Overly broad classes of millions of parents of minors in Texas and throughout the United States will undoubtedly include members with "disparate interest and contentions." *Id.*

An actual estimate of potential class members here requires an "individualized inquiry into subjective interests" that are not yet ascertainable. *Id.* Class-action certification must be based on "proof, not presumptions." *Flecha v. Medicredit, Inc.*, 946 F.3d 763, 768 (5th Cir. 2020). Further, a failure to provide evidence that demonstrates potential class members share the same injury does not promote judicial economy. Because Plaintiff presents amorphous classes without evidence based on an individualized inquiry to demonstrate a shared relief among class members, Plaintiff does not satisfy the numerosity requirement.

B.  *Commonality*

Rule 23(a)(2) requires not merely the literal raising of "common 'questions'" but rather "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (quoting Richard. A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 131–32 (2009)); *D.L. v. District of Columbia*, 713 F.3d 120, 125 (D.C. Cir. 2013). Accordingly, a plaintiff must present a claim that depends upon a "common contention" *and* demonstrate that the class members "have suffered the same injury." *Wal-Mart*, 564 U.S. at 349–50 (quoting *Falcon*, 457 U.S. at 157). This common contention "must be of such a nature that it is capable of classwide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Here, Plaintiff presents two questions of law common to all members of the class of Texas-based parents: (1) whether Title X preempts Texas's parental-consent laws; and (2) whether Title X — as interpreted and administered by Defendants — "infringes the constitutional right of parents to direct the upbringing of their children." ECF No. 33 at 5. Plaintiff argues the second question is common to the proposed class of parents of minors in the United States. *Id.* Plaintiff

7

further avers these common questions affect all class members because each "is being denied their statutory and constitutional rights to consent to their children's medical treatment." *Id.*

Plaintiff asserts parents have a constitutional right to consent to the medical treatment of their children that derives from the parents' constitutional right to direct the upbringing of their children. ECF No. 1 at 8 (citing *Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925); *Meyer v. Nebraska*, 262 U.S. 390 (1923)); ECF No. 33 at 5. And the Supreme Court has repeatedly affirmed the fundamental liberty interest of parents in the care, custody, and control of their children, explaining that such a liberty interest is "perhaps the oldest of the fundamental liberty interests recognized" by the Court, *Troxel v. Granville*, 530 U.S. 57, 5 (2000), and necessarily includes "the right . . . to direct the education and upbringing of one's children." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (citing *Meyer*, 262 U.S. at 401; *Pierce*, 268 U.S. at 534-35).

But, beyond the fact that no "common state law" confers parental-consent rights to all parents in Plaintiff's proposed nationwide class, Plaintiff fails to show a common injury to this fundamental liberty interest shared between members of both classes. As Defendants argue, "Plaintiff's motion merely assumes that all parents of minor children in Texas and nationwide share his contention that Title X harms them by making grants to entities that make voluntary, confidential family-planning methods and services available to all persons desiring such services, including minors." ECF No. 37 at 14. There are likely many would-be members in the broad proposed classes who would oppose Plaintiff's contention. *Id.* Highly individualized facts as to differing manners of parental rearing and unique family circumstances determine which absent members share the injury Plaintiff asserts. *Id.*

Plaintiff argues "Mr. Deanda is seeking a ruling on the *legality* of the defendants' behavior, and it does not matter in answering those questions whether some of the class members approve

8

of the allegedly unlawful conduct." ECF No. 41 at 9. Even if the Court were to accept Plaintiff's proposed definition, Plaintiff fails to demonstrate how Title X projects violate the alleged parental right in practice. Title X projects must encourage family participation to the extent practical. 42 U.S.C. § 300(a); ECF No. 37 at 15. Therefore, the administration of Title X project services is not a total prohibition on parental consent; it instead varies in nature and degree as to family participation. ECF No. 37 at 15.

Further, Plaintiff fails to consider the broad range of "family-planning services" provided under Title X that extend to education and counseling. 42 U.S.C. § 300(a). It is possible that a minor seeking "family-planning services" may not even receive "medical treatment" Plaintiff avers the common injury is based on. ECF No. 37 at 15; ECF No. 41 at 9. Therefore, Plaintiff fails to show a common question shared by the proposed classes that can be resolved in one stroke. *Perry*, 675 F.3d at 843 (quoting *Wal-Mart*, 564 U.S. at 350).

C. *Typicality*

To satisfy Rule 23(a)(3)'s typicality requirement, a plaintiff must show "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality requires that the class representative's claims bear "the same essential characteristics of those of the putative class." *James v. City of Dallas*, 254 F. 3d 551, 571 (5th Cir. 2001). Typicality tends to merge with commonality, as both ultimately address "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Wal-Mart*, 564 U.S. at 349 n.5 (quoting *Falcon*, 457 U.S. at 157–58 & n.13); *see also Flecha*, 946 F.3d at 768 (same).

9

Defendants correctly aver the claims here rely on individualized factual and legal issues given the meaningful distinctions in parental philosophies and the state laws applicable among the proposed class members. ECF No. 37 at 17. Plaintiff's claims cannot reasonably share "the same essential characteristics of those of the putative class." *James*, 254 F.3d at 571. Accordingly, maintenance of the proposed class action is not economical. And Plaintiff's claims are not so "interrelated" as to adequately protect the proposed class members in their absence. *Wal-Mart*, 564 U.S. at 349 n.5.[4]

D. *Adequacy*

Plaintiff must demonstrate he will "fairly and adequately protect" the interest of the putative class. FED. R. CIV. PRO. 23(a)(4). This inquiry "serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent." *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479–80 (5th Cir. 2001) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Here, the broad nature of the proposed classes consists of members that possess conflicting interests. For example, differing state laws governing minor consent to contraception evince varying perspectives and interests among proposed class members concerning adolescent

---

[4] Plaintiff cites *J.D. v. Azar*, 925 F.3d 1291, 1313 (D.C. Cir. 2019), where the D.C. Circuit certified a class of pro- and anti-abortion women because "[t]he class members all assert a common entitlement to make that choice on their own, free from any veto power retained" by the government. ECF No. 41 at 10. Plaintiff avers "[D]efendants' insistence that a certified class may include only parents who wish to exercise their right in the same manner as Mr. Deanda is incompatible with *J.D.*" *Id.* Plaintiff, however, fails to consider the relevant distinctions between the certified class in *J.D.* and his proposed classes.

The class in *J.D.* was significantly smaller and geographically limited to allow the Court to ascertain and thereby properly provide notice and relief. Within the several thousand unaccompanied minors, roughly 30% are female, making the certified class consist of "several *hundred* pregnant unaccompanied minors in its custody." *J.D.*, 925 F.3d at 1303 (emphasis added). Additionally, the class members remained in the custody of the Office of Refugee Resettlement for about 90 days. *Id.* at 1301.

The challenged policy in *J.D.* was also a "blanket ban on abortion access" while the Title X project services Plaintiff challenges have varying degrees of application, thereby undermining Rule 23(a)'s commonality and typicality requirements. *Id.* at 1305.

10

confidential access to contraception. ECF No. 37 at 18. Plaintiff contends members of the proposed classes who do not share his interest in parental consent for contraception provision to their minor children can be accommodated "by crafting relief that allows such parents to submit a blanket-consent form in advance to the Title X program, which would eliminate any need to inform them if their child seeks confidential family-planning services from a Title X participant." ECF No. 41 at 11. The Court, however, will not find that Plaintiff adequately represents the interests of a proposed class contingent on a "crafting of relief" that will narrow the class to meet Rule 23(a)(4)'s "adequacy" requirement in the future. It is Plaintiff's burden to demonstrate how he will — at the time of filing his Motion — adequately protect the interests of the proposed classes. *Wal-Mart*, 564 U.S. at 350. Plaintiff has failed to do so here. The Court will not commit itself to fulfilling Plaintiff's burden.

CONCLUSION

For the reasons set forth, the Court **ORDERS**:

- Plaintiff's Motion to Certify Class is **DENIED WITHOUT PREJUDICE**;
- The pending motions for summary judgment (ECF Nos. 26, 30) are **MOOT**;
- Plaintiff and Defendants may refile their respective motion for summary judgement in the event the case proceeds under a narrower class in the future; and
- Plaintiff may file an amended Motion to Certify Class **on or before Tuesday, March 15, 2022, at 5:00 p.m. (CST)**, should he choose to do so.

**SO ORDERED.**

February 15, 2022.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE