UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **Alexander R. Deanda**, | |
| Plaintiff, | |
| v. | Case No. 2:20-cv-00092-Z |
| **Xavier Becerra**, et al., | |
| Defendants. | |

## RESPONSE TO DEFENDANTS' MOTION TO STRIKE NOTICE OF PLAINTIFF'S PROPOSED FINAL JUDGMENT

The requirement of Rule 54(c) is clear. The court's final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c); *see also Whole Woman's Health v. Hellerstedt*, 579 U.S. 582, 136 S. Ct. 2292, 2307 (2016); *Citizens United v. Federal Election Comm'n*, 558 U.S. 310, 333 (2010). The requirement 5 U.S.C. § 706 is equally clear: The Court "shall" (not "may") "hold unlawful and set aside" agency rules that are "not in accordance with law." 5 U.S.C. § 706(2)(A). The second sentence of 42 C.F.R. § 59.10(b) cannot survive this Court's holding that the Title X statute does not and cannot preempt Texas's parental-consent statutes, and the plaintiffs do not even assert (let alone argue) that the second sentence of 42 C.F.R. § 59.10(b) can co-exist with this Court's interpretation of the Title X statute or the Fourteenth Amendment. Instead, the defendants insist that the Court must leave 42 C.F.R. § 59.10(b) undisturbed—despite its incompatibility with the law as interpreted by this Court—because they claim that Mr. Deanda's request for vacatur of 42 C.F.R. § 59.10(b) has come too late in the day. Each of the defendants' arguments is specious.

I.    THE COURT OPINION AND ORDER OF DECEMBER 8, 2022, DOES NOT RESOLVE OR PURPORT TO RESOLVE THE PROPRIETY OF ANY PARTICULAR REMEDY

The defendants' first argument is that this Court preemptively denied the plaintiff's request for vacatur when it granted the plaintiff's motion for summary judgment on December 8, 2022. The relevant excerpt from the Court's opinion reads as follows:

> For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and renders summary judgment for Plaintiff on all claims. The Court **DENIES** Defendants' Cross-Motion. The Court **DENIES** all other relief not expressly stated herein. The Court **ORDERS** parties to submit competing proposed judgments within 7 days of the date of this Opinion and Order.

Opinion and Order, ECF No. 63, at 35. The defendants claim that by announcing that it "DENIES all other relief not expressly stated herein," this Court was somehow foreclosing Mr. Deanda from requesting any other relief beyond the relief "expressly stated" in the order and opinion of December 8, 2022 — even if Mr. Deanda were to request that relief in a separate court filing at future time. *See* Mot. to Strike, ECF No. 66, at 3 ("[T]he Court's Opinion and Order already denied 'all other relief not expressly granted herein[,]' thereby precluding Plaintiff's proposed APA remedies.").

The defendants' characterization of this passage is sophistry. All that the Court did in its order and opinion of December 8, 2022, was grant Mr. Deanda's motion for summary judgment while denying the defendants' cross-motion. The "relief . . . expressly stated herein" involved *only* the Court's rulings on those competing motions. And by denying "all other relief not expressly stated herein," the Court ensured that its order would not be interpreted as resolving any *other* requests for relief apart from its rulings of the competing motions for summary judgment. The Court's use of the term "relief" in that order concerned only the relief involved with granting or denying a motion for summary judgment, not the relief that a Court awards when entering final judgment to a party.

The Court made no decisions in that order or opinion about the appropriate *remedy* for Mr. Deanda. It did not award a declaratory judgment or an injunction, and it made no findings or determinations about the propriety of those remedies— or any other remedy. If the defendants' interpretation of the Court's order is correct, then Mr. Deanda cannot even ask for declaratory relief or an injunction because the order of December 8, 2022, did not award that relief, and the passage that "DENIES all other relief not expressly stated herein" would be read to permanently foreclose Mr. Deanda from requesting that relief in his proposed final judgment. But that is absurd. The Court simply did not resolve—one way or the other—whether a declaratory judgment or an injunction should issue, and neither did it resolve whether vacatur of 42 C.F.R. § 59.10(b) is an appropriate remedy. Nor did it resolve what the scope these remedies should be. Should, for example, relief be narrowly tailored to Mr. Deanda? Or should the Court issue one or more "universal" remedies that protects not only Mr. Deanda but also non-parties to the litigation? *All* of these remedial questions were left open, and all of them were to be resolved later—when the parties submitted their competing final judgments. The Court did not foreclose Mr. Deanda from requesting *future* relief in its order of December 8, 2022, and any such interpretation of the Court's order would leave Mr. Deanda unable to request *any* type of relief in his proposed final judgment, including a declaratory judgment or injunction.

## II.   MR. DEANDA IS NOT RAISING A "NEW CLAIM" BY REQUESTING VACATUR OF 42 C.F.R. § 59.10(b)'S SECOND SENTENCE AS A REMEDY FOR THE CLAIMS ON WHICH HE HAS PREVAILED

The defendants' next move is to accuse Mr. Deanda of springing a "new claim" at the eleventh hour that he never brought or pursued during the litigation. *See* Mot. to Strike, ECF No. 66, at 2 (accusing Mr. Deanda of "improperly raising" a "a claim Plaintiff never pursued at any time during the entire course of this litigation"); *id*. at 4 (accusing Mr. Deanda of "attempt[ing] to raise an APA claim for the first time").

This, too, is a mischaracterization. Mr. Deanda is not asserting a "new claim" by requesting vacatur of 42 C.F.R. § 59.10(b)'s second sentence; he is merely requesting vacatur as a *remedy* for the claims on which he has already prevailed.

There are two (and only two) claims in this case. The first claim is that the defendants' administration of the Title X program violates section 151.001(6) of the Texas Family Code, and that nothing in 42 U.S.C. § 300(a) allows the defendants or Title X participants to preempt or ignore state parental-consent laws. *See* Complaint, ECF No. 1, at 7–8 (describing "Claim No. 1"). The second claim is that the defendants' administration of the Title X program violates the constitutional right of parents to direct the upbringing of their children. *See* Complaint, ECF No. 1, at 8–9 (describing "Claim No. 2"). The Court has already determined that Mr. Deanda is entitled to judgment as a matter of law on each of these claims. *See* Opinion and Order, ECF No. 63. What remains to be determined are the *remedies* that the Court should award Mr. Deanda in response to his success on these claims.

The defendants say that by asking this Court to vacate the second sentence of 42 C.F.R. § 59.10(b) as a *remedy* for the claims described in his complaint, Mr. Deanda is somehow asserting a new and different "claim" under the APA that was never pleaded or presented to the Court. *See* Mot. to Strike, ECF No. 66, at 4–5. Mr. Deanda is doing nothing of the sort. He is presenting the exact same claims as he did throughout this litigation. He is merely asking this Court to vacate the second sentence of 42 C.F.R. § 59.10(b) as a *remedy* for the claims that he has asserted from the outset of this case—a remedy that is entirely warranted given this Court's rulings that 42 U.S.C. § 300(a) cannot be construed to preempt state parental-consent laws and that the Fourteenth Amendment protects the rights of parents to consent to their children's medical treatment. 5 U.S.C. § 706(2)(A) establishes a remedy for courts to impose, and plaintiffs may request that remedy after they have prevailed on their claims so long as they can show that the criteria of section 706(2)(A) have been met.

And it cannot be denied that the second sentence of 42 C.F.R. § 59.10(b) is "not in accordance with law" under the interpretations of 42 U.S.C. § 300(a) and the Fourteenth Amendment that this Court adopted in its order of December 8, 2022.

The situation is no different from Mr. Deanda requesting damages in his proposed final judgment after the Court grants his summary-judgment motion. A request of that sort should be denied because sovereign immunity precludes a damages award, but no one would say this is a "new claim" or accuse of Mr. Deanda of sandbagging by waiting until the remedial stage of the litigation to request this relief. It is simply a *remedy* for a claim on which he has already prevailed—and the Court must evaluate that requested remedy on the merits rather than blowing it off as a different "claim" from what he had asserted throughout the litigation. Mr. Deanda is asserting the same claims as he did from the beginning of the litigation; he is merely requesting a remedy for those claims consistent with this Court's order and opinion of December 8, 2022.

## III.   Mr. Deanda Did Not Waive Any Entitlement To A Remedy Under The APA

The defendants also claim that Mr. Deanda "waived" or forfeited his right to request a vacatur of 42 C.F.R. § 59.10(b)'s second sentence. *See* Mot. to Strike, ECF No. 66, at 4–5. But their arguments on this point are equally untenable. The defendants complain that Mr. Deanda did not specifically request this relief in his pleadings, but that does not matter because Rule 54(c) requires this Court to "grant the relief to which each party is entitled, *even if the party has not demanded that relief in its pleadings*." Fed. R. Civ. P. 54(c) (emphasis added). Mr. Deanda can be forgiven for omitting this requested relief from his complaint because 42 C.F.R. § 59.10(b) did not exist when the complaint was filed, and neither Mr. Deanda nor his attorneys have powers of divination. And the deadline to amend the pleadings had long since passed when 42 C.F.R. § 59.10 become final on October 20, 2021. The defendants suggest

that Mr. Deanda should have nonetheless sought leave of court to amend his complaint in response to 42 C.F.R. § 59.10,[1] but that was unnecessary because: (1) Rule 54(c) did not require Mr. Deanda to specify his requested relief in the pleadings; and (2) the catch-all request for relief in Mr. Deanda's complaint was in all events sufficient to preserve a request for vacatur of a future agency rule. *See* Complaint, ECF No. 1, at 12 (asking the court to "award all other relief that the Court deems just, proper, or equitable"); *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2307 (2016) (a request in the complaint to issue "such other and further relief as the Court may deem just, proper, and equitable" is sufficient to preserve claims that go unmentioned in the pleadings); *Sapp v. Renfroe*, 511 F.2d 172, 176, n.3 (5th Cir. 1975) (allowing claim for damages raised for first time on appeal in light of Rule 54(c) and the catchall prayer for relief in plaintiff's complaint).

The defendants try to get around Rule 54(c) by complaining that Mr. Deanda did not "prove" his entitlement to vacatur of 42 C.F.R. § 59.10's second sentence. *See* Mot. to Strike, ECF No. 66, at 5. But that is simply untrue. But Mr. Deanda demonstrated in his motion for summary judgment that the defendants' interpretation of 42 U.S.C. § 300(a) is incompatible with the statutory language, and that the Fourteenth Amendment protects the rights of parents to consent to their children's medical treatment, including the provision of contraceptive devices. The Court agreed with Mr. Deanda on each of these points. *See* Opinion and Order, ECF No. 63. It follows from the Court's holdings that 42 C.F.R. § 59.10's second sentence is "not in accordance with law," and it must therefore be vacated under 5 U.S.C. § 706(2)(A). Vacatur of 42 C.F.R. § 59.10's second sentence is logically compelled by this Court's holdings on both the statutory and the constitutional questions.

---

1.   *See* Mot. to Strike, ECF No. 66, at 8 ("Plaintiff never sought leave to amend his complaint to allege an APA claim.").

Finally, the defendants make an estoppel argument by pointing out that Mr. Deanda explicitly disclaimed an intent to seek an APA remedy in his earlier briefing. *See* Mot. to Strike, ECF No. 66, at 4–5. Mr. Deanda first disclaimed an APA remedy in his summary-judgment brief of July 23, 2021, at a time when 42 C.F.R. § 59.10 did not exist. See Pl.'s Cross-Mot. for Sum. J., ECF No. 30, at 2–3 ("Mr. Deanda has not brought a 'facial challenge' (or any type of 'challenge') to an agency rule, and he is not asking this court to 'hold unlawful and set aside' any agency rule under section 706 of the APA.'). That statement does not preclude or estop Mr. Deanda from pursuing a vacatur remedy against a rule that did not exist at that time. This statement was, however, repeated verbatim in a subsequent filing of July 25, 2022,[2] which post-dates the enactment of 42 C.F.R. § 59.10, and the defendants hammer this point in support of their claim that Mr. Deanda has waived his right to request a vacatur remedy. But the context of that statement was to rebut the defendants' statute-of-limitations defense by pointing out that limitations are relevant only when pursuing a remedy against past agency action that took place more than six years ago. The second sentence of 42 C.F.R. § 59.10 was enacted barely more than one year ago, and it is well within the six-year statute of limitations. Nothing in Mr. Deanda's argument on the limitations issue indicates or implies that a recently enacted rule such as 42 C.F.R. § 59.10 would be off-limits, and nothing Mr. Deanda said on the limitations issue is inconsistent with his current stance that 42 C.F.R. § 59.10 cannot survive this Court's interpretations of 42 U.S.C. § 300(a) and the Fourteenth Amendment.

## IV.   THE DEFENDANTS HAVE NOT SHOWN ANY PREJUDICE FROM MR. DEANDA'S REQUESTED RELIEF

We agree with the defendants that this Court should not entertain requests for relief that would prejudice the other party. *See Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335, 340 (5th Cir. 2015). The problem for the defendants is that they have

---

2.   *See* Pl.'s Mot. for Sum. J., ECF No. 51, at 3.

not shown any prejudice whatsoever from Mr. Deanda's request for vacatur of 42 C.F.R. § 59.10's second sentence. The defendants claim that they would have "submitted to the Court the administrative record relied on by the agency in promulgating the regulation and defended the agency's reasoning in adopting the rule." Mot. to Strike, ECF No. 66, at 7. But the administrative record and the agency's reasoning are irrelevant because Mr. Deanda is not seeking vacatur the arbitrary-or-capricious test, or under any prong of 5 U.S.C. § 706 that would implicate the factual record or the agency's reasoning process. His claim is that the second sentence of 42 C.F.R. § 59.10 is "not in accordance with law" because it contradicts 42 U.S.C. § 300(a) and the Fourteenth Amendment, as interpreted by this Court. There is nothing in the agency record that would have any bearing on those questions. They are pure questions of law. And the defendants have had every opportunity to defend the interpretation of 42 U.S.C. § 300(a) (and the Fourteenth Amendment) that are embodied in 42 C.F.R. § 59.10. The Court has rejected those arguments, and it is inconceivable that anything in the agency record could have led this Court to a different conclusion because the issues turn entirely on questions of statutory and constitutional interpretation.

The defendants also have the opportunity to respond to Mr. Deanda's arguments for vacatur before this Court finalizes its judgment in this case. If the defendants wish to present arguments that 42 C.F.R. § 59.10(b) can somehow survive this Court's interpretation of the Title X statute and the Fourteenth Amendment, or if they wish to present arguments that vacatur of 42 C.F.R. § 59.10(b)'s sentence is unwarranted under 5 U.S.C. § 706, then they should be afforded an opportunity to do so. It is entirely normal for courts to request briefing on remedial questions after rendering summary judgment for a party, and by providing the defendants an opportunity to respond in full to Mr. Deanda's argument the Court can obviate any accusations of

"prejudice" that the defendants might try to assert in this Court or appeal. The defendants are in a much better situation than the defendants in *Hellerstedt*, as the plaintiffs in this case have explicitly asked this Court for vacatur and provided an opportunity for opposing arguments to be fully vetted before this Court. See *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016) (affirming a district court ruling that enjoined the enforcement of a hospital admitting-privileges law across the board— even though the plaintiffs in that case had never even *asked* the district court for that relief at *any* stage of the district-court proceedings. *See id.* at 2307; *id.* at 2330 (Alito, J., dissenting) ("The Court does this even though petitioners . . . did not presume to include such a claim in their complaint. The Court favors petitioners with a victory that they did not have the audacity to seek.").

\* \* \*

Finally, the Court should deny the motion to strike even if it agrees with the defendants' that vacatur of 42 C.F.R. § 59.10(b) is improper. If the defendants disagree with our requested relief, then they should file a response explaining why the requested relief is unwarranted—or ask for leave to file a response if the court's rules or orders do not provide for one. The rules of civil procedure do not authorize this Court to "strike" a court filing unless it contains "redundant, immaterial, impertinent, or scandalous matter,"[3] and the defendants have not even attempted to argue that the plaintiffs' filing of December 15, 2022, falls within that description. The plaintiffs have every right to request from this Court the relief that they believe appropriate, especially when the Court has ordered the parties to submit competing proposed final judgments for the Court's consideration, and that remains the case even if the plaintiffs' request turns out to be dilatory or otherwise unwarranted. Attorneys have be-

---

3.    *See* Fed. R. Civ. P. 12(f).

come fond of filing "motions to strike" as a signaling device, or as a means of demonstrating their strenuous disagreement with an opposing litigant. *See, e.g., Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726–28 (7th Cir. 2006) (Easterbrook, J.) (criticizing this misuse of "motions to strike"). But this cannot be used to deprive the plaintiffs of the opportunity to present their requests and arguments to a court.

## CONCLUSION

The defendants' motion to strike should be denied. The Court's final judgment of December 20, 2022, should be left undisturbed.

If the defendants wish to present arguments that 42 C.F.R. § 59.10(b) can somehow survive this Court's interpretation of the Title X statute and the Fourteenth Amendment, or if they wish to present arguments that vacatur of 42 C.F.R. § 59.10(b)'s sentence is unwarranted under 5 U.S.C. § 706, then they should be afforded an opportunity to do so.

Respectfully submitted.

/s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

Dated: December 22, 2022                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on December 22, 2022, I served this document through CM/ECF upon:

AMBER RICHER
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
 (202) 514-3489
amber.richer@usdoj.gov

*Counsel for Defendants*

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiff*