IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALEXANDER R. DEANDA, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 2:20-cv-92-Z |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; JESSICA SWAFFORD MARCELLA, in her official capacity as Deputy Assistant Secretary for Population Affairs; UNITED STATES OF AMERICA, | ) |
| *Defendants*. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE**

At no time in the more than two years since he filed this suit has Plaintiff ever alleged or argued a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Plaintiff's first attempt to invoke an APA theory emerged without notice in his proposed final judgment requesting that the Court set aside a Title X regulation the Plaintiff never put in issue in either his complaint or his motion for summary judgment. *See* Notice of Plaintiff's Proposed Final Judgment ("Plaintiff's Notice"), ECF No. 65; Plaintiff's Proposed Final Judgment ¶¶ 3, 5, ECF No. 65-1. Defendants therefore have moved to strike Plaintiff's proposal as improper. Defs.' Mot. to Strike ("Def. Mot."), ECF No. 66.

In support of their motion, Defendants demonstrated that Plaintiff has waived APA remedies by failing to plead an APA claim in his complaint or pursue an APA claim in his motion for summary judgment. Def. Mot. at 4-5. And because of his failure to litigate an APA claim, this Court's Opinion and Order on summary judgment expressly denied Plaintiff's

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE                                                                      Page 1

proposed APA remedy as relief not granted therein. Def. Mot. at 3; Opinion and Order at 35, ECF No. 63 ("Opinion and Order"). Moreover, consideration of Plaintiff's proposal for an APA remedy at this late juncture would unfairly prejudice Defendants by depriving them of notice and an opportunity to litigate Plaintiff's challenge to the regulation. Def. Mot. at 6-9.

Plaintiff's arguments in response fail to show otherwise. *See* Pl.'s Response to Defs.' Mot. to Strike Not. of Pl.'s Proposed Final J. ("Plaintiff's Response"), ECF No. 69. Accordingly, Plaintiff's Notice as well as paragraphs 3 and 5 of Plaintiff's Proposed Final Judgment should be stricken. Additionally, the Final Judgment entered on December 20, 2022, ECF No. 67, should be amended to remove paragraph 3, which would set aside the second sentence of 42 C.F.R. § 59.10(b) pursuant to 5 U.S.C. § 706. *See* ECF No. 68 ("Based on parties' briefing, the Court will amend the Final Judgment, if necessary."). At the very least, the Court should expressly limit any set aside of the rule to Plaintiff.

**ARGUMENT**

**I.      This Court's Opinion and Order Denied All Other Relief Not Granted Therein**

The Court's Opinion and Order denying "all other relief not expressly granted herein" precludes Plaintiff's request for an APA remedy. Opinion and Order at 35; Def. Mot. at 3. In his response, Plaintiff argues that the Opinion and Order does not preclude his new APA claim because the Opinion and Order did not award a particular remedy. Plaintiffs' Response at 2-3. The Court's Opinion and Order is limited to granting Plaintiff's motion for summary judgment on his claims involving preemption and parental rights, with no mention of the APA. *See, e.g.*, Opinion and Order at 1, 35. The Opinion and Order does not find that Plaintiff is entitled to any relief under the APA because he never argued an APA claim and the Court never adjudicated an APA claim, which are prerequisites to APA relief. Opinion and Order at 35; *see also Keenan v.*

*Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) (arguments not made in summary judgment briefing are waived). Defendants therefore understand the plain meaning of the Court's denial of "all other relief not expressly stated herein" to preclude relief under the APA.

## II. Plaintiff Waived Any Claim for APA Remedies

Even if the Opinion and Order did not expressly preclude an APA remedy, Plaintiff forfeited any remedy potentially available under the APA by failing to litigate an APA claim. Def. Mot. at 4-5.

Plaintiff's reliance upon the catchall request for relief in his complaint fails to overcome his waiver of any claim under the APA. *See* Plaintiff's Response at 5-7. Plaintiff argues that he has preserved this claim by requesting in his complaint that the Court "award all other relief that the Court deems just, proper, or equitable." *Id.* at 6. This argument fails for at least two reasons. First, a party waives an argument by failing to pursue it in summary judgment briefing. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002). Second, a catchall request for *relief* in the complaint is insufficient to preserve a *claim* that Plaintiff has failed to plead and prove. *Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335, 340-41 (5th Cir. 2015); *S. Constructors Grp. v. Dynalectric Co.*, 2 F.3d 606, 610 (5th Cir. 1993).

As shown, Plaintiff elected to forego an APA claim by failing to litigate it. Def. Mot. at 4-5. Plaintiff makes no attempt to refute that his summary judgment arguments never put the rule in issue. *Id.* He concedes that he never argued, as he does now, that "42 C.F.R. § 59.10's second sentence is 'not in accordance with law[.]'" Plaintiff's Response at 6. Regardless of whether Plaintiff now believes this conclusion "follows from the Court's holdings[,]" *id.*, he never made this argument, Defendants never had the opportunity to contest it, and the Court never reached this conclusion. The Fifth Circuit has rejected the argument that "a party may be entitled to recovery under any legal theory[,]" regardless of whether it was alleged in the complaint, so long

as it "would fit allegations of fact contained in the operative pleadings[,]" and this Court should do the same here. *S. Constructors Grp.*, 2 F.3d at 610.

Indeed, Plaintiff's waiver is even more apparent here because he expressly disavowed any intent to raise an APA claim or to seek the very relief he now proposes under 5 U.S.C. § 706 to set aside the rule. Def. Mot. at 4-5. Even the Court relied upon Plaintiff's representation as meaning what he said. Opinion and Order at 15 ("Plaintiff does not bring a facial challenge to an agency rule." (citing ECF No. 51 at 9)). Plaintiff cannot argue in his summary judgment motion that his claims are timely because he does not seek to set aside an agency rule under the APA, only to reverse course and propose a final judgment that would do precisely that. Def. Mot. at 9.

Nor does Plaintiff have any excuse for failing to plead and prove his foregone claim for an APA remedy. Plaintiff admits that he failed to plead a claim under the APA challenging the 2021 rule. Plaintiff's Response at 6. He offers no reason why he could not have sought leave to amend the complaint if he intended to pursue an APA claim and corresponding remedy. *Id.* Contrary to Plaintiff's assertion that pleading an APA claim was "unnecessary[,]" *id.*, such a practice is required to put Defendants and the Court on notice as to the nature of Plaintiff's claims. *Peterson*, 806 F.3d at 340-41; *S. Constructors Grp.*, 2 F.3d at 610. The onus is on Plaintiff to plead and prove all his claims, not on Defendants or the Court to speculate as to the nature of his suit. *S. Constructors Grp.*, 2 F.3d at 610. Similarly, his argument now that he could have brought a timely challenge to the 2021 rule, Plaintiff's Response at 7, is unavailing, as it only underscores his failure to do so. Regardless of whether he *could* have made the argument, Plaintiff in fact did not make it until after the Court had granted his motion for summary judgment. Plaintiff thus deprived Defendants of an opportunity to argue that any challenge to the 2021 rule would be time-barred or to consider and raise any other defenses—both at the

threshold and on the merits—it would have had to Plaintiff's newly-asserted APA claim. By failing to plead and prove the claim that 42 C.F.R. § 59.10(b) is "not accordance with law" and "must therefore be vacated under 5 U.S.C. § 706(2)(A)[,]" Plaintiff's Response at 6, Plaintiff has waived that legal theory and forfeited any remedy potentially available under the APA. *Keenan*, 290 F.3d at 262; *Peterson*, 806 F.3d at 340-41; *S. Constructors Grp.*, 2 F.3d at 610-11.

### III. Rule 54(c) Does Not Permit the Consideration of APA Remedies Because Plaintiff Failed to Plead and Prove the Elements of an APA Claim

Moreover, even if he had not waived an APA claim, Plaintiff has failed to prove that he is entitled to an APA remedy, Rule 54(c) notwithstanding. Def. Mot. at 5.

Plaintiff's argument in response that he is not raising a new claim, only a request for relief flowing from the two claims he actually litigated, fails to address the requirements of an APA claim. Plaintiff's Response at 3-5. Section 706 is not merely a menu of potential remedies for any claim a plaintiff might assert, as Plaintiff suggests. To the contrary, the APA provides a limited waiver of sovereign immunity for a plaintiff to raise a claim under its provisions. *See, e.g., Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020). Parties seeking to invoke that limited waiver must establish that they satisfy its various requirements. *Id.* Thus, for instance, "a person claiming a right to sue must identify some 'agency action'" within the meaning of the APA, and "show that he has suffered legal wrong because of the challenged agency action or that he has been 'adversely affected or aggrieved' by the challenged agency action 'within the meaning of a relevant statute.'" *Id.* (quoting 5 U.S.C. § 702); *Ala.-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 490 (5th Cir. 2014). Similarly, under the APA only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. And, as Defendants have previously noted, the APA provides that in determining legal questions and possible relief, "the

court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706; Def. Mot. at 7. In other words, establishing entitlement to relief on an APA claim would have required an administrative record never before the Court and legal determinations which the Court never made and Defendants never had an opportunity to contest.

In an analogous case that "illustrates the preclusive consequences flowing from failure to provide proper notice of a possible theory of recovery[,]" the Fifth Circuit denied relief under Rule 54(c) for quasi-contract claims that the plaintiff argued were implicit in "various claims it raised "that were all predicated on the existence of a contract." *S. Constructors Grp.*, 2 F.3d at 607, 610. The parties agreed to submit all disputed issues to an arbitration panel, which found "that no contract existed." *Id.* at 608. "Only after it learned of this decision did [the plaintiff] raise the issue of its entitlement to recover under a quasi-contract theory." *Id.* The district court held that the plaintiff had waived such claims, and the Fifth Circuit affirmed. *Id.* at 607. The Fifth Circuit rejected the argument for relief under Rule 54(c) on the grounds that the quasi-contract claims were "implicitly included" in "allegations of facts that would lead to recovery under this theory, coupled with a prayer for relief that included a request for 'any other just and equitable relief this Court may deem appropriate.'" *Id.* at 609. The plaintiffs' claims involved a new theory of liability, not "merely a form of relief," as the plaintiff had suggested. *Id.* at 609-10. Relief therefore was not available under Rule 54(c), which "is limited to allowing a court 'to order appropriate relief; it does not permit [a] court to impose liability where none has been established.'" *Id.* at 610 (quoting *Flannery v. Carroll*, 676 F.2d 126, 132 (5th Cir. 1982) (denying relief under Rule 54(c) where plaintiffs had "waived their claim under [the statute] by failing to include it in the pre-trial order" and then trying the case "with no reference to nor reliance upon" the statute)). Nor could that plaintiff simply obtain relief "under any legal theory

that would fit allegations of fact contained in the operative pleadings" because the Federal Rules do not permit "a litigant to throw facts at the court, while placing the responsibility on the court – not the litigant – to sort through those facts and come up with possible theories for recovery." *Id.*

Like the plaintiff in *Southern Contractors Group*, Plaintiff here has failed to plead or prove an APA claim and yet presumes that an APA claim is "merely a form of relief" available to him under Rule 54(c). *Id.* at 609 & n.5. But here, as in *Southern Contractors Group*, that simply is not the case. *See, e.g.*, *Louisiana*, 948 F.3d at 321; *Ala.-Coushatta Tribe of Tex. v. United States*, 757 F.3d at 490; *Dunn-McCampbell Royalty Int. v. Nat'l Park Serv.*, 112 F.3d 1283, 1287 (5th Cir. 1997). Plaintiff's request for an APA remedy to set aside 42 C.F.R. § 59.10(b) was not implicitly included in his preemption or parental rights claims, which never referred to nor relied upon the rule or the APA. And Plaintiff cannot demand that the Court construct a rationale for a remedy Plaintiff failed to establish. *S. Constructors Grp.*, 2 F.3d at 611 (A court "cannot bend or break the rules – and set harmful precedent – simply to achieve what one party perceives to be a 'just result' in one case.").

### IV. Plaintiff's Request for APA Relief Would Unduly Prejudice Defendants

Finally, considering an APA remedy never contemplated until after the Court's decision to grant Plaintiff's motion for summary judgment would unduly prejudice Defendants, who had neither notice of nor opportunity to present a defense against an APA claim. *Peterson*, 806 F.3d at 340 (allowing relief in such circumstances would undermine the purposes of the Federal Rules to "eliminate trial by ambush and afford full and fair litigation of disputed issues"); Def. Mot. at 6-9. As Defendants have argued, and Plaintiff does not refute, they would have litigated the case differently had they known that Plaintiff intended to challenge the regulation. Def. Mot. at 6-9; *Peterson*, 806 F.3d at 340. Plaintiff admits that he failed to amend his complaint to plead an APA

claim and that his summary judgment briefing not only failed to pursue a challenge to the regulation, but expressly disavowed such a challenge. Plaintiff's Response at 6-7. Defendants thus could not have foreseen Plaintiff's surprise proposal to set aside the rule that he himself had asserted he was not challenging and that Defendants consequently had no opportunity to defend.

Plaintiff's assumptions about what the administrative record might have shown fail to overcome the inherent harm to Defendants that results from denial of the opportunity to present such evidence to the Court. Plaintiff's Response at 8 (arguing that Defendants have not suffered any prejudice because "it is inconceivable that anything in the agency record could have led this Court to a different conclusion"); *cf., e.g.*, *Flannery*, 676 F.2d at 131 ("We simply cannot know how the trial would have proceeded had the Texas claim been included and we cannot presume that its inclusion would have made no difference in the way defendant tried its case.").

Plaintiff's argument that Defendants have not suffered prejudice because he has now "explicitly asked this Court for vacatur" fails. Plaintiff never requested such relief until after the Court granted his motion for summary judgment (and after Defendants had filed their proposed final judgment). And after-the-fact briefing on this Motion to Strike does not constitute an adequate or fair opportunity for Defendants to defend against an APA claim or remedy. Litigation choices have consequences. The Court should not permit Plaintiff a do-over at this late stage, particularly given Plaintiff's decision to expressly disavow any APA claim or remedy to further his timeliness arguments. *Cf., e.g.*, *Flannery*, 676 F.2d at 132 ("[I]t would have been unduly prejudicial to defendant, after the trial ended, to permit the entire theory of the case to be changed to plaintiffs' previously waived claim.").

Finally, Plaintiff misplaces reliance upon *Whole Women's Health v. Hellerstedt*, 579 U.S. 582, 604 (2016), in which the Court concluded that "[n]othing prevents this Court from awarding

facial relief as the appropriate remedy for petitioners' as-applied claims" challenging the statute at issue. Here, Plaintiff brought neither a facial nor an as-applied claim challenging 42 C.F.R. § 59.10(b). *See, e.g.*, Opinion and Order at 15. *Hellerstedt* thus lends no support for Plaintiff's argument that Defendants would not suffer undue prejudice from consideration of his proposal for final judgment on an entirely separate claim that he never pursued, much less established. *Flannery*, 676 F.2d at 132.

Plaintiff's last-minute request for APA relief is improper and it would unduly prejudice Defendants. Accordingly, the Court should grant Defendants' Motion to Strike Plaintiff's Notice as well as paragraphs 3 and 5 of Plaintiff's Proposed Final Judgment seeking APA relief. And, consistent with granting the Motion to Strike, the Court should also amend the Final Judgment to remove the APA remedy in paragraph 3.

### V. At the Very Least, Any Set Aside Should be Limited to Plaintiff

Even if the Court does not remove paragraph 3 entirely (and it should), the Court should expressly limit this relief to any interactions between Title X grantees and Plaintiff and his minor children. Relief limited to Plaintiff is appropriate given the posture of this case and the legal authority addressed in Defendants' summary judgment briefing. *See, e.g.*, ECF No. 45 at 8-9 (order denying class certification because many parents might not "share the injury plaintiff asserts"); ECF No. 46 (Notice that Plaintiff "wishes to pursue his claims as an individual litigant rather than a class representative."); ECF No. 53 at 37 (Defendants contend that any relief should be narrowly tailored to the Plaintiff's claims); ECF No. 61 at 17-18 (Plaintiff concedes in reply that "any relief must be tailored to protecting the rights of Mr. Deanda, and not the rights of others who are not parties to this lawsuit.").

Moreover, as Defendants have shown, other courts to consider the issue have concluded that Title X does not allow parental consent requirements. *See, e.g.*, Def. MSJ at 4-7, 19-20 (collecting cases); Defs.' Reply in Supp. of Mot. for Summ. J. at 13, ECF No. 62; *Planned Parenthood Fed'n of Am., Inc. v. Heckler*, 712 F.2d 650, 651 (D.C. Cir. 1983); *New York v. Heckler*, 719 F.2d 1191, 1196 (2d Cir. 1983); *Cnty. of St. Charles v. Mo. Fam. Health Council*, 107 F.3d 682, 684-85 (8th Cir. 1997); *Doe v. Pickett*, 480 F. Supp. 1218, 1220 (S.D. W.Va. 1979; *Jane Does 1 through 4 v. Utah Dep't of Health*, 776 F.2d 253, 255 (10th Cir. 1985); *Planned Parenthood Ass'n of Utah v. Matheson*, 582 F. Supp. 1001, 1006 (D. Utah 1983). While this Court disagreed with those decisions in resolving this Plaintiff's claims, the Court's disagreement should not negate the binding effect those courts' judgments have on the parties that were before them or the precedential effect those courts of appeals' decisions have in their respective circuits. To avoid potential conflict with the prior judgments of other courts or subject HHS or Title X grantees to conflicting obligations, the Court should limit any APA relief it provides to Plaintiff. *See, e.g.*, *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985) (holding that federal district courts have an obligation to "avoid rulings which may trench upon the authority of sister courts"). Thus, even if the Court sets aside the regulation (and it should not), it should do so only as to "interactions between Title X grantees and Plaintiff and his minor children."

## CONCLUSION

Accordingly, the Court should strike as improper the Plaintiff's Notice and proposed judgment to the extent they propose relief under the APA.

Dated: December 23, 2022                     Respectfully submitted,

                                              BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director

/s/ *Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2022, I electronically transmitted the foregoing to the parties and the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

/s/ *Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov