IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ALEXANDER R. DEANDA, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:20-CV-092-Z |
| XAVIER BECERRA, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendants' Opposed Motion to Strike Notice of Plaintiff's Proposed Final Judgment ("Motion") (ECF No. 66), filed on December 20, 2022. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion.

### BACKGROUND

The Court's December 8 Order granted summary judgment to Plaintiff on all claims. *See* ECF No. 63. In the same Order, the Court ordered parties to submit competing proposed judgments. *Id.* at 35. After considering those proposals, the Court issued final judgment on December 20, 2022. ECF No. 67. In that judgment, the Court vacated the second sentence of 42 C.F.R. § 59.10(b) under Section 706(2) of the Administrative Procedure Act ("APA"). *Id.* at 2. Minutes before the District Clerk entered the Court's judgment, Defendants filed the instant Motion. Defendants argue the APA remedy is inappropriate for four reasons: (1) the Court's December 8 Order denied "all other relief not expressly granted herein"; (2) Plaintiff waived any claim for APA remedies by failing to litigate an APA claim; (3) Federal Rule of Civil Procedure 54(c) does not support Plaintiff's claim for APA remedies; and (4) the request for APA

relief would unduly prejudice Defendants. ECF No. 66 at 3–6. The Court notified parties it would — if necessary — revise the final judgment based on parties' briefing on the Motion. ECF No. 68.

**ANALYSIS**

### A. The Federal Rules of Civil Procedure Do Not Authorize the Court to "Strike" Plaintiff's Filing

Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants have not argued that Plaintiff's proposed final judgment falls within any of these categories. Plaintiff has every right to submit a proposal for final judgment. That remains the case even if the Court believes the proposal is unwarranted. Rule 12(f) "cannot be used to deprive [Plaintiff] of the opportunity to present his requests and arguments" to the Court. ECF No. 70 at 10. This is reason enough to deny the Motion. But the Court will explain why it need not revise the final judgment.

### B. The December 8 Order's "Mother Hubbard Clause" Does Not Foreclose Relief to Which Plaintiff Is Otherwise Entitled

Defendants first argue the December 8 Order precludes Plaintiff's proposed APA relief because the Order denies "all other relief not expressly stated herein." *Id.* at 3 (citing ECF No. 63 at 35). This clause — sometimes known as a "Mother Hubbard clause" — "mean[s] only that the relief requested *in the motion* — not all the relief requested by anyone in the case — and not granted by the order is denied." *Farm Bureau Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 164 (Tex. 2015) (internal marks omitted); *see also Klein v. Walker*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 9242333, at *6 n.3 (E.D. Tex. Oct. 18, 2016), *report and recommendation adopted*, No. 1:14-CV-00509-RC-ZJH, 2016 WL 7320103 (E.D. Tex. Dec. 16, 2016), *aff'd*, 708 F. App'x 158 (5th Cir. 2017) ("Because of the catch-all nature of a Mother Hubbard clause . . . Courts need[] to closely

analyze the trial court's order granting summary judgment in order to determine whether the order was actually intended to be final."). In *Rodgers*, for example, the Supreme Court of Texas held that a summary judgment order with a Mother Hubbard clause did not "implicitly dispose of claims not expressly mentioned in the order, including claims for attorney's fees." *Id.* at 164.

Here, the Court's use of the term "relief" concerned only the relief involved with granting or denying a motion for summary judgment — not the relief the Court might award when entering final judgment. The Court made no decisions about the appropriate *remedy* for Plaintiff or what the scope of those remedies should be. And in any case, there can be no doubt that the December 8 Order was not intended to be final because the Order directed parties to submit competing proposed judgments. ECF No. 63 at 35. Therefore, the Court's use of a Mother Hubbard clause in the December 8 Order does not foreclose appropriate remedies to which Plaintiff is entitled. *See* FED. R. CIV. P. 54(c) ("A . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.").

### C. Plaintiff's Failure to Litigate an APA Claim Does Not Waive Appropriate Relief

Defendants argue Plaintiff raises a "new claim" by requesting vacatur of the 42 C.F.R. § 59.10(b)'s second sentence. ECF No. 66 at 3. But as Plaintiff explains, he is not asserting a "new claim." ECF No. 70 at 4. Rather, he "is merely requesting vacatur as a *remedy* for the claims on which he has already prevailed." ECF No. 70 at 4. "[A] plaintiff's failure to request appropriate relief does not prevent the award of available relief." *Laird v. Integrated Res., Inc.*, 897 F.2d 826, 832 (1990). "[E]xcept in the case of a default judgment, the Court is bound to grant whatever relief the facts show is necessary or appropriate." *Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F.2d 317, 320 (5th Cir. 1964); *see also Smoot v. State Farm Mut. Auto. Ins. Co.*, 299 F.2d 525, 530 (5th Cir. 1962) ("The scope and nature of the relief depends on the facts established"); FED. R. CIV.

3

P. 54(c). "The relief must be based on what is alleged in the pleadings and justified by plaintiff's proof, which the opposing party has had an opportunity to challenge." *Lasslett v. Tetra Tech, Inc.*, No. DR-13-CV-072-AM-CW, 2015 WL 13805181, at *3 (W.D. Tex. Sept. 30, 2015) (quoting WRIGHT & MILLER, 10 FED. PRAC. & PROC. CIV. § 2662 (3d ed.)).

Here, the facts show the APA relief granted in the final judgment is necessary or appropriate. The second sentence of 42 C.F.R. § 59.10(b) states that "Title X projects may not require consent of parents or guardians for the provision of services to minors, nor can any Title X project staff notify a parent or guardian before or after a minor has requested and/or received Title X family planning services." The Court explicitly considered this regulation when holding Plaintiff's injuries "are fairly traceable to Defendants' conduct and likely to be redressed by the requested relief." ECF No. 63 at 12 (internal marks omitted). And the Court held Defendants' administration of the Title X program violates both Plaintiff's rights under Section 151.001(a)(6) of the Texas Family Code and Plaintiff's fundamental right to control and direct the upbringing of his minor children under the Fourteenth Amendment of the United States Constitution. *See* ECF Nos. 63 at 22, 67 at 2.

Consequently, it follows necessarily that the second sentence of Section 59.10(b) is "not in accordance with law," "contrary to constitutional right, power, privilege or immunity, and "in excess of statutory . . . authority." 5 U.S.C. § 706(2)(A)–(C). And "there is no doubt that an Article III court 'may administer complete relief between the parties, even [if] this involves the determination of legal rights which otherwise would not be within the range of its authority.'" *Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-CV-1693-KKM-AEP, 2022 WL 1134138, at *21 (M.D. Fla. Apr. 18, 2022) (quoting *Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488, 507 (1928)). Additionally, Plaintiff cannot be blamed for omitting a challenge to Section 59.10(b) from

his complaint. This is because the second sentence of Section 59.10(b) was not adopted until well after the deadline for amending the pleadings. *See* 86 Fed. Reg. 56,144, 56,166 (Oct. 7, 2021); ECF No. 25 at 1 (setting January 16, 2021, deadline for amendment of pleadings). Still, Defendants ask the Court to not provide complete relief to Plaintiff because they adopted an unlawful regulation that relates to the core of this litigation almost ten months after the deadline for amendment of pleadings had passed. But the Court will not shirk its obligations under Fifth Circuit precedent and the federal rules on that basis.

### D. Plaintiff Has Proven Himself Entitled to the APA Remedy

Defendants admit Rule 54(c) provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." ECF No. 66 at 5. Nevertheless, Defendants argue Plaintiff is not entitled to relief for claims he "never brought, never supported with evidence, and never prevailed upon." *Id.* Rather, Plaintiff must "*prove* himself entitled" to APA remedies. *Id.* (quoting *Driggers v. Bus. Men's Assurance Co.*, 219 F.2d 292, 299 (5th Cir. 1955) (emphasis theirs)).

As the Court has explained, it is not a "new claim" to request appropriate relief for claims Plaintiff has already prevailed on. The Court's conclusion that Section 59.10(b) is unlawful is inescapable because of the holdings in the December 8 Order. The APA *requires* the Court to "set aside" unlawful agency action. 5 U.S.C. § 706(2). Therefore, the Court disagrees that Plaintiff "has failed to show that he is entitled to such relief." ECF No. 66 at 5.

### E. APA Relief Does Not Prejudice Defendants

Finally, Defendants argue Plaintiff's APA arguments have not been "tested adversarially" or "developed with meaningful notice to the defendant." *Id.* at 7 (quoting *Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335, 340 (5th Cir. 2015)). Had Defendants been on notice that

5

Plaintiff was challenging the regulation, they "would have submitted to the Court the administrative record relied on by the agency in promulgating the regulation and defended the agency's reasoning in adopting the rule." *Id.* The Court finds this argument unpersuasive.

To begin, Defendants do not explain how the administrative record would affect the Court's preemption and constitutional analysis. Plaintiff "is not seeking vacatur under the arbitrary-or-capricious test, or under any prong of 5 U.S.C. § 706 that would implicate the factual record or the agency's reasoning process." ECF No. 70 at 8. In other words, Defendants' arguments on summary judgment could not have been saved by a list of reasons why the agency believed adopting the rule was a good idea. *See, e.g., I.N.S. v. Chadha*, 462 U.S. 919, 944 (1983) ("[T]he fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution."). Additionally, Defendants were on notice of the relevance of Section 59.10(b) as to this case because it was cited in their summary judgment briefing at least six times. *See* ECF Nos. 53, 62. In fact, Defendants cited the regulation as "[c]onsistent with [the] line of authority" relied upon in their briefing for Plaintiff's state law claim. ECF No. 53 at 15. The Court explained why it found those authorities unpersuasive. *See* ECF No. 63 at 20–22. And Court explained why distributing contraception to minor children without obtaining parental consent violates Plaintiff's "rights sheltered by the Fourteenth Amendment against the State's unwarranted usurpation, disregard, or disrespect." *M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996). Thus, it cannot reasonably be argued that the constitutional merits of Section 59.10(b) have not been "tested adversarially" when the regulation authorizes the very conduct that lies at the heart of this litigation. And Defendants also had the opportunity to respond to Plaintiff's arguments for vacatur before the Court rendered final judgment. Therefore, Defendants have not been prejudiced.

**CONCLUSION**

It follows necessarily from the December 8 Order that the second sentence of 42 C.F.R. § 59.10(b) is unlawful. Therefore, Plaintiff is entitled to vacatur. For that reason and the reasons stated above, the Court **DENIES** the Motion and declines to revise the final judgment rendered in this case.

**SO ORDERED**.

January 4, 2023.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE